## COX, relator, *vs.* HILLYER, judge.

1. The general rule is that when the refusal of a new trial in a criminal case has been affirmed by this court, no second bill of exceptions can be allowed. The only exception to this general rule is such "an extraordinary motion or case" as is specified in §3721 of the Code.

2. The extraordinary motions or cases contemplated by the statute are such as do not ordinarily occur in the transaction of human affairs, as when a man has been convicted of murder, and it afterwards appears that the supposed deceased is still alive, or where one is convicted on the testimony of a witness who is subsequently found guilty of perjury in giving that testimony, or where there has been some providential cause, and cases of like character. Whilst the newly discovered testimony now brought to the attention of this court, discloses some facts not in evidence before, yet, in its general character and bearing, it is merely cumulative to the case heretofore presented, and would scarcely have produced a different result on the ordinary motion for new trial, much less can it give to this proceeding the peculiar characteristic of being "an extraordinary motion."

Practice in the Superior Court. Practice in the Supreme Court. *Mandamus.* New trial. Before the Supreme Court. February Term, 1880.

Cox was tried for murder and convicted at the March term, 1879, of Fulton superior court. He moved for a new trial on various grounds, among others because the court refused to continue on account of the physical condition of defendant and popular excitement. The motion was overruled; defendant excepted, and the supreme court affirmed the judgment at the September term, 1879. When Fulton superior court met again in March, 1880, the defendant made another motion for new trial, which he alleged to be extraordinary. The grounds of this motion were, in brief, as follows:

(1.) Because of physical inability on the part of defendant to properly manage his case, and because of newly discovered evidence to prove the same.

(2.) Because of newly discovered evidence of J. W. Murphy, a witness sworn on the trial of the case, that he had promised defendant on the day before the homicide to assist him and use his influence in making the trade between Alston, the deceased, and Walters, for the sale of General Gordon's interest in penitentiary company No. 2. The sale of this interest was under discussion at the time of the homicide of Alston by Cox. Defendant explained his failure to remember this at the trial and first motion for new trial on the ground of his physical condition.

(3.) Because of newly discovered evidence of Joseph Bennett, that he met Alston about half an hour before the homicide going towards the place where it occurred, and that Alston stated that he was going over to see Cox, and one of them would be dead before night.

The grounds were supported by various affidavits. The last two contain facts not proved at the trial, but which go to strengthen the evidence then introduced.

The court refused a rule *nisi* on this motion. Defendant's counsel tendered a bill of exceptions to the court, which he refused to sign, and they thereupon made this application for a *mandamus*.

D. P. HILL & SON: GARTRELL & WRIGHT; D. F. & W. R. HAMMOND; CANDLER & THOMSON; R. S. JEFRERIES; J. A. BILLUPS; W. R. HODGSON; L. J. GLENN & SON, for plaintiff in error.

B. H. HILL, Jr., solicitor-general; HOPKINS & GLENN; PAT CALHOUN; H. D. D. TWIGGS; HULSEY & McAFEE; SAM HALL, *contra*.

WARNER, Chief Justice.

This is an application to this court for a *mandamus* to require the judge of the superior court to sign and certify a second bill of exceptions for a new trial in the case of *The State vs. Edward Cox*, who was tried and found guilty

of the offense of murder in Fulton superior court. It appears from the record that at the term of the court at which the defendant was tried, he made a motion for a new trial on the several grounds therein set forth, which was overruled, and the defendant excepted and brought the case to this court, which affirmed the judgment of the court below.

After the *remittitur* from this court had been filed in the clerk's office of the court below, but before it had been made the judgment of that court by its order, the defendant made a second motion for a new trial upon the ground that it was "an extraordinary motion or case," as provided for by the 3719th and 3721st sections of the Code. Upon the hearing of the second motion for a new trial, the court overruled it, and the presiding judge refused to sign and certify a second bill of exceptions for a new trial in that case, for the reasons (amongst others stated by him in his judgment of refusal) that the matters presented in the motion did not make such an extraordinary case, within the meaning of the law, as would authorize a second motion for a new trial after the first motion had been made and decided, and this ruling of the court is the error complained of here.

The general ruling undoubtedly is, that when a motion for a new trial in a criminal case has been overruled in the court below and brought to this court on a bill of exceptions, and the judgment of the court below is affirmed, no second bill of exceptions in that case can be allowed or granted. The only exception to that general rule is that specified in the 3721st section of the Code, when it is "an extraordinary motion or case," and the question here is whether, taking everything to be true as stated in the defendant's motion, and in the affidavits in support thereof, it makes such "an extraordinary motion or case" as will take it out of the general rule hereinbefore stated? After the most anxious and careful examination, we are satisfied that it does not. The extraordinary motions or cases

v 65—5

contemplated by the statute are such as do not ordinarily occur in the transaction of human affairs, as when a man has been convicted of murder, and it afterwards turns out that the man he was charged with having killed is still alive, or where a man has been convicted on the testimony of a witness who is afterwards found guilty of perjury in giving that testimony, or from some providential cause, and cases of like character. The newly discovered evidence relating to the physical condition of the defendant at the time of his trial, as well as that relating to the main issues involved in the case on that trial, is merely cumulative in its character, and would hardly be sufficient of itself to have authorized the court to have set aside the verdict in an ordinary motion for a new trial—certainly not sufficient to authorize an extraordinary motion for a new trial to be made under the provisions of the Code before cited. It is true that Murphy and Bennett state two facts in their affidavits that were not proven on the former trial, but their evidence would only be *cumulative* evidence of that which was proven by other witnesses upon the main issues involved in the case. Their evidence might have strengthened the evidence for the defendant, but it would have been cumulative evidence nevertheless; it would have been cumulative evidence of that which had already been offered by the defendant upon the issues involved in the trial. *Malone vs. The State*, 49 *Ga.*, 210; *Kelly vs. Hall*, 50 *Ib.*, 636. There is no precedent in the courts of this state of which we have any knowledge, that requires a judge to sign and certify a second bill of exceptions in a criminal case on the statement of facts contained in the record before us, and we shall be very slow to establish such a precedent. The judgments of the courts, when rendered by the properly constituted tribunals of the state, must be respected, obeyed and enforced.

Let the application for *mandamus* be discharged.