BURGESS v. THE STATE.

1. To render alleged newly discovered evidence available as cause for a new trial, it should appear that the evidence itself is newly discovered, not merely that certain named witnesses by whom the facts can be proved were unknown until after the trial.

2. In the present case, after deducting from the alleged newly discovered evidence so much of it as is cumulative merely, and so much as the exercise of full diligence before the trial would in all probability have procured for use at the trial, the residue is not of sufficient consequence and materiality to warrant the grant of a new trial on account of it.

3. It is no ground for a new trial that an alleged accomplice jointly indicted with the accused has been tried and acquitted since the accused was tried and convicted, thus rendering it safe for the accomplice to disclose and testify to certain facts favorable to the accused, which he could not have done without criminating himself when the accused was tried.

4. Evidence that the accused was armed two weeks before the homicide with weapons similar to those with which he armed himself on the night of the homicide, is admissible, together with his declarations implying that he then anticipated some such occasion as actually arose when the homicide was committed, and on which occasion a weapon similar to one of those previously seen on the person of the accused was actually used in inflicting the mortal wound.

5. The homicide having been committed whilst several persons were engaged and apparently co-operating in the prosecution of a riot in the night-time, and there being evidence from which the jury could rightly find that the accused was one of the rioters and some evidence tending to show that the mortal wound was inflicted by

him, although there was also evidence tending to show that it may have been inflicted by the hand of another member of the riotous party, the verdict was warranted and there was no error in denying a new trial.　　　　　　　　*Judgment affirmed.*

December 18, 1893.

Indictment for murder. Before Judge HENRY. Walker superior court. August term, 1893.

Burgess, Crow, Adkins and five others were indicted for the murder of Arnold. Burgess was tried and convicted with recommendation to life imprisonment, and his motion for a new trial was overruled.

1–2. One of the grounds of the motion was on account of newly discovered testimony. With the affidavits containing this evidence were presented the affidavits of Burgess and his counsel, "that they did not know until after the trial that they could prove by" the new witnesses "the facts stated in their several affidavits," etc.

3. Another ground was, that defendant was legally entitled to the benefit of the testimony of Crow, which could not be obtained for him at his trial, because his counsel represented Crow also, as sole counsel, and believed it to be their duty to inform Crow of all his rights, which they did to the best of their ability; acting upon which advice Crow declined to testify in the case of Burgess, who was tried first on the election of the State. Crow was tried afterwards, and was acquitted. The advice was, that Crow's testimony was very important to Burgess, and if Crow should be tried first, counsel wanted him as a witness for Burgess; but that he felt it his duty, as attorney, to tell him that the law would protect him against testifying so as to criminate himself, and that counsel thought his testimony would tend to criminate him if he gave it in behalf of Burgess, in the event Burgess should be tried first.

4. One Lindsay testified, that about two weeks before the killing he saw a knife projecting from the hip-pocket of Burgess and called his attention to it; whereupon

v 93-20

Burgess pulled it out and showed it to him. It was a double-edged dirk, the blade about six inches long and an inch wide. Lindsay told him, if he did not mind he would get into trouble; and he replied, "A fellow has got to carry something here to hold his hand, as there are some pretty rough fellows coming in here." He said they had some rows with some fellows over some whisky, and "we are expecting them back pretty soon, and we are going to clean them up." Error is assigned upon the admission of this testimony over objection that it was too remote.

5. The killing occurred at night, in the neighborhood of a mining shaft where a number of miners had assembled. One Partain, accompanied by Arnold and two Lynches, brought whisky to the place to sell to the miners, among whom were the persons named in the indictment. The liquor was partaken of by many if not all of those present, and cards and dancing were indulged in, followed by quarrelling and cursing. Partain, Arnold and the Lynches left the place, closely pursued by a number of the miners, some of whom had knives and knucks. They had gone but a short distance before the riotous conduct was renewed. The miners were asked to go back and have no more trouble, but some of them answered that was what they wanted. Pistols were fired from both sides, after which Partain, Arnold and one of the Lynches were stabbed and lost consciousness; the other Lynch escaped. Arnold died a few days afterwards, from the effect of his wounds. His statements, with other circumstances in evidence, indicated that Burgess and Crow made his wounds. The motion for new trial has the general grounds that the verdict is contrary to law and evidence.

COPELAND & JACKSON, for plaintiff in error.

J. M. TERRELL, attorney-general, and W. J. NUNNALLY, solicitor-general, *contra*.