## JINKS *v.* THE STATE.

1. Newly discovered evidence which is merely cumulative of that of the existence of which the party making a motion for a new trial knew when the case was tried, and which he apparently, by the exercise of ordinary diligence, might have procured but did not introduce, is not cause for a new trial even in an ordinary motion therefor, and certainly can afford no ground upon which to base an extraordinary motion.

2. In a motion for a new trial a ground which is not verified by the trial judge can not be considered.

Argued April 28, — Decided May 30, 1903.

Indictment for seduction. Before Judge Russell. Gwinnett superior court. March 12, 1903.

*Hutchins & Hutchins* and *Brown & Cooper*, for plaintiff in error.
*C. H. Brand, solicitor-general,* contra.

FISH, J. The plaintiff in error, Jinks, was tried for and convicted of the offense of seduction. He made a motion for a new trial, which was overruled, and he brought the case to this court, where the judgment of the lower court was affirmed. *Jinks* v. *State,* 114 *Ga.* 430. Subsequently there was another motion for a new trial, which was made, heard, and refused in vacation, and the case again brought to this court, where it was held that the motion was a mere nullity, and that the judge of the superior court erred in taking jurisdiction of the same. *Jinks* v. *State,* 115 *Ga.* 243. Jinks, then, at a regular term of the trial court, made another motion for a new trial, based upon evidence alleged to have been discovered since his original motion for a new trial was finally disposed of. This motion was likewise overruled by the trial judge, and the judgment overruling the same is now before us for review.

1. The first ground of this motion is, that the movant has learned, since his first motion for a new trial was overruled and the judgment of the lower court affirmed by the Supreme Court, that he can prove that "the person alleged to have been seduced by him was not a virtuous unmarried female at the time of and for some time previous to said alleged seduction." In this ground of the motion it is alleged that he can prove this, by proving, (1) by a witness named Mayes, that he had carnal knowledge of the alleged victim of seduction prior to the date of the alleged seduction, and can prove that prior to that time Mayes received from her two letters indicating that she was not a virtuous woman; (2) by three named witnesses, that she, on the night of a day prior to the alleged seduction, at midnight, left a dwelling-house in which visitors were assembled, and went to the kitchen with the movant and remained there with him alone until about daylight, it being dark in the kitchen; (3) by a witness named Dyer, that on a night before the alleged seduction he and the woman alleged to have been seduced left a house in which a party of people were assembled, and went out into the darkness together some distance from the house, and remained there by themselves for about half an hour, and that Dyer

was engaged to be married to her prior to the alleged seduction and had frequently hugged and kissed her; (4) by three other named witnesses, that a man named Love, before the alleged seduction, was seen by them hugging her and taking other liberties with her person.

Granting that the movant did not know, and could not, by the exercise of ordinary diligence, have known until after his original motion for a new trial had been finally disposed of, that these witnesses would testify as he now claims and they now swear they will, still this ground is wholly insufficient to support an extraordinary motion for a new trial. It would not even be sufficient to support an ordinary motion for a new trial in the present case. The mere fact that a person convicted of a crime, after his trial, discovers that he can prove a fact material to his defense by a certain witness or witnesses, and that he could not, by the exercise of ordinary diligence, have discovered this before his conviction, is not sufficient to authorize the grant of a new trial upon the ground of newly discovered evidence. It is not the discovery of new witnesses, but the discovery of new evidence, the materiality of which is sufficient to probably produce a different result upon another trial of the case, which authorizes the grant of a new trial.

"To render alleged newly discovered evidence available as cause for a new trial, it should appear that the evidence itself is newly discovered, not merely that certain named witnesses by whom the facts can be proved were unknown until after the trial." *Burgess* v. *State,* 93 *Ga.* 304. Beginning with *Roberts* v. *State,* 3 *Ga.* 310, it has been repeatedly held by this court that newly discovered evidence which is merely cumulative, that is, tending to establish a fact in relation to which there was evidence upon the trial, is not good cause for a new trial. Certainly, then, the discovery of evidence which is simply cumulative of that of the existence of which a party knew when the case was tried and which he might then have introduced, can not be a good ground for a new trial. In the latter case the movant for a new trial stands in the attitude of having, upon the trial of the case, voluntarily refrained from proving the fact which he, in his motion for a new trial, seeks another opportunity to prove. He had witnesses within his reach by which he might have established the fact, but did not introduce them, and yet claims the right to a new trial because, since the rendition of

the verdict against him, he has discovered other witnesses by whom he can prove the same fact. Clearly such a movant is not entitled to a new trial upon such a ground. As we read the record, such is the position which the plaintiff in error occupies in this case. If the disgusting statements of the accused upon the trial of the case, as to the conduct and conversation of his alleged victim, were true, it ought not to have been a difficult matter for him to have procured evidence showing her abandoned and depraved character and utter want of chastity. Besides, in his statement to the jury, he said that Mayes, Dyer, Love, " *and others* " had told him that they had had sexual intercourse with her, and yet he offered no witness to prove that she was not a virtuous woman prior to the time that he had carnal knowledge of her person, nor anything whatever in his defense except his own statement. His excuse now for not having introduced Mayes and Dyer as witnesses in his behalf is that they, when brought to court under subpœnas issued at his instance, told his counsel that they knew nothing and if placed upon the stand would do the defendant more harm than good; but he offers no excuse whatever for not having introduced Love and the " others " who had told him that they had had carnal knowledge of the woman in question. So, it is evident that the alleged fact which the movant seeks now an opportunity to prove is not a fact newly discovered by him, but on the contrary, if he is to be believed, it was well known to him at the time of his trial. According to the statements that he made to the jury which convicted him, he knew then as well as he knows now that the woman alleged to have been seduced by him was not virtuous at the time of the alleged seduction, and knew of other witnesses to this fact besides Mayes and Dyer. He may have discovered, since his other motion for a new trial was overruled, other means by which to prove this fact than those which were available to him at the time of his trial, or at the time his original motion was heard and overruled; but he fails in this present motion to show that he knew of no witnesses by which he could prove this fact until after his first motion was decided against him; and his statement upon his trial, if credible, clearly shows that he then knew of witnesses, other than those he now produces, by whom he might have shown this fact. So, even if his motion for a new trial were an ordinary one, duly made, he would not be entitled to a judgment in his favor on the ground which we

have been considering. Much less is he entitled to such a judgment on a so-called "extraordinary" motion.

Irrespective of what we have said above, this motion, if tested by the standard for extraordinary motions for new trials, set up in *Cox* v. *State*, 65 *Ga.* 57, will be found to contain nothing "extraordinary." It was there held: "The extraordinary motions or cases contemplated by the statute are such as do not ordinarily occur in the transaction of human affairs, as when a man has been convicted of murder, and it afterwards appears that the supposed deceased is still alive, or where one is convicted on the testimony of a witness who is subsequently found guilty of perjury in giving that testimony, or where there has been some providential cause, and cases of like character." We apprehend that it is an ordinary occurrence for a witness subpœnaed by the defendant in a seduction case for the purpose of proving that the witness, from his personal experience, knows that the woman involved in the case was not virtuous at the time of the alleged seduction, to seek, by evasive and misleading statements, not made under oath, to avoid the embarrassment and humiliation of being placed upon the stand and publicly interrogated upon the subject, and that it is not extraordinary for such a witness, if he is a friend of the defendant, to be persuaded, after the latter has been convicted and sentenced to a long term in the penitentiary, to make an affidavit in support of his motion for a new trial.

2. The other ground of this motion, in relation to the alleged newly discovered disqualification of one of the jurors who tried the case, can not be considered, as it is not duly certified by the trial judge, but, on the contrary, is effectually disposed of by him in a note which shows that this ground was known to the defendant and his counsel and, in effect, waived by them at the hearing of the first motion for a new trial.

*Judgment affirmed. By five Justices.*