### 10340. ROME RAILWAY & LIGHT CO. v. THOMAS.

LUKE, J. 1. In a suit against a railroad company, a plea which admits that the plaintiff was injured by the running of the cars, but denies negligence and asserts ordinary diligence upon its part, and alleges that the negligence of the plaintiff caused the injury, is not such a plea of justification as will entitle the defendant to the opening and conclusion in the case. See *Georgia Railroad* v. *Williams,* 74. *Ga.* 723 (2) ; *Brunswick &c. R. Co.* v. *Wiggins,* 113 *Ga.* 842-8 (39 S. E. 551, 61 L. R. A. 513). It was not error in this case to deny to the defendant the right to open and conclude the argument.

2. This court can not say, as matter of law, that in this case it was error not to grant a new trial on the ground of newly discovered evidence. Upon the counter-showing as to diligence we can not say that it was error for the court to hold that there was a lack of the diligence required by law to discover the facts or witnesses alleged to be newly discovered. It is true that much diligence was used, but upon the counter-showing the court was within the discretion authorized by law in determining that the defendant had sufficient information to put it on inquiry as to the possibility of securing the evidence. See *Atlanta Rapid Transit Co.* v. *Young,* 117 *Ga.* 349 (43 S. E. 861) ; *Jinks* v. *State,* 117 *Ga.* 714 (1) (44 S. E. 814). As to one of the grounds of newly discovered evidence, see answer of Supreme Court to certified question in *Central of Ga. Ry. Co.* v. *Moore,* 149 *Ga.* 581 (101 S. E. 668).

3. When considered in view of the note of the trial judge in the judgment overruling the motion for a new trial, and when the charge as a whole is considered, there is no reversible error in any of the assignments of error upon the excerpts from the charge of the court The case was fully and fairly submitted to the jury, upon the issues raised by the pleadings and evidence.

4. The evidence authorized the verdict, which has the approval of the

trial judge, and for no reason assigned was it error to overrule the motion for a new trial. See *Central of Ga. Ry. Co.* v. *Larsen,* 19 *Ga. App.* 423 (91 S. E. 517).

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*
DECIDED JANUARY 27, 1920.

Action for damages; from city court of Floyd county—Judge Nunnally. January 4, 1919.

*L. II. Covington, Dean & Dean,* for plaintiff in error.

*Maddox & Doyal,* contra.