## MANCHESTER *v.* THE STATE.

No. 9066.   October 13, 1932.   Rehearing denied November 21, 29, 1932.

*R. D. Feagin* and *J. W. Schell,* for plaintiff in error.

*Lawrence S. Camp, attorney-general, Charles H. Garrett, solicitor-general,* and *T. R. Gress, assistant attorney-general,* contra.

Beck, P. J.   Earl Manchester was convicted of murder at the April term, 1929, of Bibb superior court.   He made a motion for a new trial, which was overruled, and the case was brought here for review, and after review the judgment of the court below refusing a new trial was affirmed.   171 *Ga.* 121 (155 S. E. 11).   Under the verdict in the case the defendant had been sentenced to execution, and later he was resentenced; and again the execution of the sentence against him was postponed by executive clemency, and he was again sentenced.   On February 19, 1932, Manchester presented

to the judge of the superior court an extraordinary motion for a new trial, based upon alleged newly discovered evidence. A rule nisi was granted, and the case came on to be heard on March 17, 1932. At the hearing the plaintiff in error filed an amendment to his extraordinary motion. The State filed a counter-showing to the original and amended extraordinary motion; and after argument the court overruled the motion, and the case is now here on exceptions to this judgment of the court. At the time of rendering the judgment overruling the extraordinary motion the judge in an opinion rendered by him, summed up the reasons for deciding adversely to the movant, and this opinion sufficiently covers the questions made by the motion and the evidence submitted. That opinion is as follows:

"In taking up the consideration of this case for the purpose of rendering judgment thereon, the court has in mind, and must preserve the long-established and well-settled rules that necessarily bind the conscience and discretion of the court, keeping in mind the sanctity that surrounds the verdicts of juries rendered after serious and careful consideration of the case which they try. It is the well-settled policy of the law of this State, and this court is bound by that law, that new trials upon the grounds of newly discovered evidence are not favored, and that therefore an application for a new trial if based upon newly discovered evidence, that evidence must be strong and convincing; and it is well and proper that the policy of the law is such, for the reason that litigation should not be prolonged beyond the point of clearly and legally establishing the truth and justice of legal controversies. In the case at bar the defendant insists upon a new trial upon eight grounds, and I deem it proper to take these up in order.

"1. The first of these grounds urges that the defendant was not mentally responsible at the time of the alleged crime, for the reason that though defendant is of mature years, to wit, between nineteen and twenty-one years old, that by reason of defective mentality he has the mind of a thirteen-year-old child, and for this reason should not be held responsible, and in support of this contention he introduces an affidavit from Dr. Frank Mitchell, who testifies that in his opinion the defendant's mind is that of a child of thirteen years. The State contests the correctness of Dr. Mitchell's conclusion by an affidavit of Dr. Y. A. Little. Dr. Little con-

cludes, and so testifies in his affidavit, that the defendant is of normal mentality, and in support of his conclusion attaches as a part of his affidavit the report of a personal interview with the defendant; and·in addition to the affidavit of Dr. Little, the State introduces affidavits of William Branam, L. J. Stevens, and Oscar Harris, all of whom are attaches of the sheriff's office of Bibb County, and who agree with Dr. Little in the conclusion that the defendant is of normal mentality. The court is constrained to believe that the truth of the matter lies with the State in this contention; this.conclusion being reached not only from the affidavits introduced in substantiation thereof, but from a careful consideration of the statement made by the defendant upon his former trial, which statement is a part of the record in this extraordinary motion.

"2. In the second ground urged by the defendant, the defendant alleges that he was induced to make the confession, which he made on his former trial, by reason of duress, and hoping that if this confession was made that the punishment that the defendant would receive would be less than that inflicted upon him if he did not make the confession. In support of this ground no evidence is offered save the statement under oath of the defendant. The State denies that any duress was used, or that any hope of reward was held out to defendant; and in support of this contention by the State affidavits of J. R. Hicks Jr., Sheriff of Bibb County, L. J. Stevens, Oscar Harris, and William Branam, all deputy sheriffs of Bibb County, were introduced, the purport of which affidavits is to the effect that they, deponents, are all of the officers who had any conversation or communication with the defendant, and that none of them exercised any duress or held out any hope to induce defendant to make said confession, but that on the contrary the confession was freely and voluntarily made. The evidence on this question is therefore manifestly preponderant against the allegations in this ground for new trial. In this ground the defendant also urges that he was persuaded by Mrs. Powers and others to assume full responsibility for the killing; but there is no evidence to sustain this contention, other than the affidavit of the defendant; and the fact, as evidenced by this statement, does not bear him out in the assertion that he did assume full responsibility, because it is apparent from his statement that Mrs. Powers was as deeply involved in the commission of the crime as was the defendant; so that this assertion needs no further consideration.

"3. The third ground urged by the defendant in his extraordinary motion is based upon the affidavit of Charles Geeslin, which affidavit is to the effect that the deponent, Geeslin, corroborates the defendant's statement to the effect that a stranger aided and abetted Mrs. Powers in the actual killing, and in this affidavit Geeslin tells of a man whom he has often seen in company with Mrs. Powers, and gave a description of the stranger agreeing with the description given by the defendant in his statement. In rebuttal of this contention of the defendant the State introduces an affidavit of Oscar Harris, which is to the effect that Charles Geeslin, when questioned about the stranger, gave an entirely different description of the man talked about than that he gave in his affidavit attached to the defendant's motion in support of the third ground.

"4. In the fourth ground urged by the defendant, evidence of an alibi is introduced, in the form of an affidavit from one Beebe Haggerty. In this affidavit evidence is introduced which is to the effect that the deponent was a friend of the defendant, and was with him on the night that the alleged crime was committed, from the hours of seven thirty p. m. to twelve thirty a. m., and that therefore the defendant could not have committed the crime. It is only necessary to state that this could not be newly discovered evidence on the part of the defendant, as he knew of this, if true, before the former trial, and therefore this evidence could not be considered upon this extraordinary motion. In addition to this, there is impeaching testimony of the statement of Haggerty, introduced by the State, contained in the affidavit of Paul M. Conoway.

"5. In support of the fifth ground urged by the defendant, an affidavit of Mrs. E. F. Hubbard is introduced, in which, among other things, is alleged a statement by Mrs. Sarah E. Powers, jointly indicted with the defendant, to the effect that the defendant did not kill the deceased. This statement can not be considered, for the reason that it is hearsay evidence, and therefore could not be introduced upon a trial of this case. The other allegations in this affidavit going to show the good behavior of the defendant, and the feeling upon the part of the public that the defendant should not be punished as the jury directs, are clearly not proper things for this court to consider, those being matters outside of the province of legal investigation.

"6. In view of the opinion heretofore expressed by the court con-

cerning the mental condition of the defendant, it is not necessary to further comment upon the sixth ground urged in the extraordinary motion. In regard to the reasons urged in grounds seven and eight the court does not deem it necessary to make any comment, save that the reasons urged in the eighth ground of the motion are to the effect that under the Penal Code of Georgia an accessory before the fact in a murder case shall receive the same punishment as the principal. This can not be considered by this court in passing upon the question raised by the extraordinary motion, as this court is bound to be governed by the record in this case; the question raised in the eighth ground being one that might be properly considered in an application for executive clemency, but which, if this court undertook to pass upon, would be clearly a violation of the law on the part of the court; and however strong the impulse of mercy might influence, yet the dictates of duty and obedience to the law, and a regard for its duty to the State, should forbid the yielding to any such leanings. In view of the foregoing conclusions, I am constrained by virtue of the law as I conceive it to be, compelled to overrule and deny this extraordinary motion for new trial."

The opinion thus rendered by the court below sufficiently reviews the evidence and states the law applicable to the questions involved, and renders further discussion here unnecessary. But it may not be unprofitable to set forth our statutes in reference to extraordinary motions for new trial, as it was in the light of these and certain decisions of this court in cases involving extraordinary motions for new trial that the court below decided the questions coming before him for decision.

Section 6085 of the Civil Code reads as follows: "A new trial may be granted in all cases when any material evidence, not merely cumulative in its character, but relating to new and material facts, shall be discovered by the applicant after the rendition of a verdict against him, and shall be brought to the notice of the court within the time now allowed by law for entertaining a motion for a new trial." And section 6086 is in the following language: "Ordinarily, cumulative and impeaching evidence is not ground for a new trial; but when such a motion is made on the ground of newly discovered evidence, it must appear by affidavit of the movant and each of his counsel that they did not know of the existence of such evidence before the trial, and that the same could not have been

discovered by the exercise of ordinary diligence." And in section 1088 of the Penal Code it is provided that "A new trial may be granted in all cases, when any material evidence, not merely cumulative in its character, but relating to new and material facts, shall be discovered by the applicant after the rendition of a verdict against him, and shall be brought to the notice of the court within the time now allowed by law for entering a motion for a new trial." See, in this connection, *Wright* v. *State,* 34 *Ga.* 110; *Burgess* v. *State,* 93 *Ga.* 304 (20 S. E. 331). In *Bass* v. *State,* 154 *Ga.* 112 (113 S. E. 524), it was ruled: "Alleged newly discovered evidence is no cause for a new trial, unless it shall appear that the evidence itself is newly discovered, not merely that certain named witnesses by whom the facts can be proved were unknown until after the trial." In *Cox* v. *Hillyer,* 65 *Ga.* 57, it was held: "The extraordinary motions or cases contemplated by the statute are such as do not ordinarily occur in the transaction of human affairs; as when a man has been convicted of murder, and it afterwards appears that the supposed deceased is still alive, or where one is convicted on the testimony of a witness who is subsequently found guilty of perjury in giving that testimony, or where there has been some providential cause, and cases of like character." And this rule stated in the *Cox* case was approved in *Jinks* v. *State,* 117 *Ga.* 714, 718 (44 S. E. 814). Numerous other decisions by this court might be cited, but it is unnecessary.

As to certain of the grounds of the extraordinary motion a counter-showing was made, and evidence was submitted by the State to support the counter-showing; and the issues of fact thus made were for determination by the trial court, and in regard to these it does not appear that he abused his discretion. The grounds of the motion not specially referred to in the opinion of the trial judge are not of such a character as to require the grant of a new trial.

*Judgment affirmed. All the Justices concur, except Atkinson, J., absent.*