### GLASS *v.* THE STATE.

GRICE, Justice. 1. This court is without jurisdiction to entertain and pass upon an assignment of error in a bill of exceptions presented on August 12, 1944, complaining of a ruling entered on May 30, 1944, denying a motion for new trial. Code, §§ 6-903, 6-904; *Harrison* v. *Lyerly Ginneries &c. Co.,* 155 *Ga.* 695 (117 S. E. 818); *Brumfield* v. *Jackson,* 193 *Ga.* 548 (19 S. E. 2d, 279).

2. Treating the motion, filed after the refusal to grant the motion for new trial, as a motion for rehearing, the denial of which is also assigned as error, no abuse of discretion is shown in refusing to vacate the order refusing a new trial.

3. Treating the second motion, not as a motion for rehearing, but as an extraordinary motion for new trial, no error is shown in refusing to grant it.

(a) Applications for new trial on the ground of newly discovered evidence are addressed to the sound discretion of the trial judge, and a refusal to grant a new trial on that ground will not be reversed unless there has been an abuse of such discretion. *McCoy* v. *State,* 191 *Ga.* 516 (13 S. E. 2d, 183).

(b) To render alleged newly discovered evidence available as cause for new trial, it should appear that the evidence itself is newly discovered, not merely that a certain witness by whom the contention of the losing party can be proved was unknown until after the trial. *Burgess* v. *State,* 93 *Ga.* 304 (20 S. E. 331); *Jinks* v. *State,* 117 *Ga.* 714, 716 (44 S. E. 814).

(c) The evidence of the witness last referred to would merely have contradicted the witnesses for the State, whose evidence, as it appears in this record, abundantly supported the verdict of guilty, and the judge could well have found that it probably would not have changed the result. *McLaughlin* v. *State,* 141 *Ga.* 132 (80 S. E. 631).

*Judgment affirmed. All the Justices concur.*

No. 15024. NOVEMBER 21, 1944.

*Charles J. Graham,* for plaintiff in error.

*T. Grady Head, attorney-general, John A. Boykin, solicitor-general, J. R. Parham, Durwood T. Pye,* and *Victor Davidson, assistant attorney-general,* contra.