EDGE *v.* THE STATE.

WYATT, Justice. The plaintiff in error excepts to the overruling of his extraordinary motion for new trial, which, with the exception of the fourth and fifth grounds, complains of alleged errors committed on the trial of the case and excepted to in a previous motion for new trial disposed of by this court in *Edge* v. *State,* 199 *Ga.* 431 (34 S. E. 2d, 498). The fourth ground of the extraordinary motion is as follows: "Because the law under which he is charged is unconstitutional and void on its face. It takes away his liberty without due process and he is deprived of his constitutional rights." The fifth ground is based on newly discovered evidence. Affidavits supporting the fifth ground were to the effect that the affiants knew the defendant, and on June 9 and 10, 1944, saw him in Brunswick, Georgia, at a boarding-house and at his place of work, and of their own knowledge know that he was at a boarding-house in Brunswick, Georgia, near the time of the crime, which was committed in Toombs County on the night of June 9, 1944. There was an accompanying affidavit as to the character and credibility of the witnesses. The defendant and his attorney deposed that they did not know of this evidence until a short time before the filing of the extraordinary motion, and could not have known of such evidence by the exercise of ordinary diligence. The record shows that

on the trial of the case a number of witnesses were offered by the defendant to prove the defense of alibi, and these witnesses testified to the effect that they lived in Brunswick, Georgia, were acquainted with the defendant, and on June 9, 1944, saw him working and at his boarding-house in Brunswick, Georgia. One of these witnesses was his landlady. *Held*:

1. All grounds of the extraordinary motion, except the fourth and fifth, have been adjudicated and cannot now be raised in an extraordinary motion for new trial. *King* v. *State*, 174 *Ga.* 432 (2) (163 S. E. 168).

2. The fourth ground of the motion is too vague and indefinite to raise any question for decision (*Williams* v. *State*, 187 *Ga.* 415, 1 S. E. 2d, 27), and is raised too late in an extraordinary motion for new trial. *Boyers* v. *State*, 198 *Ga.* 838, 842 (33 S. E. 2d, 251).

3. "Newly discovered evidence which is merely cumulative of that of the existence of which the party making a motion for a new trial knew when the case was tried, and which he apparently, by the exercise of ordinary diligence, might have procured but did not introduce, is not cause for a new trial even in an ordinary motion therefor, and certainly can afford no ground upon which to base an extraordinary motion." *Jinks* v. *State*, 117 *Ga.* 714 (44 S. E. 814). "To render alleged newly discovered evidence available as cause for a new trial, it should appear that the evidence itself is newly discovered, not merely that certain named witnesses by whom the facts can be proved were unknown until after the trial." *Burgess* v. *State*, 93 *Ga.* 304 (20 S. E. 331). "Beginning with *Roberts* v. *State*, 3 *Ga.* 310, it has been repeatedly held by this court that newly discovered evidence which is merely cumulative, that is, tending to establish a fact in relation to which there was evidence upon the trial, is not good cause for a new trial." *Jinks* v. *State*, supra.

4. The alleged newly discovered evidence in this case, being simply cumulative and of the same character as that offered upon the trial on the question of alibi, affords no ground for a new trial. Moreover, from the very nature of the alleged newly discovered evidence, which relates to the defense of alibi, the defendant, if he was in Brunswick at the time of the crime, must have known of the existence of such evidence, and by the exercise of ordinary diligence could have produced it at the trial. *Coggeshall* v. *Park*, 162 *Ga.* 78 (132 S. E. 632). The affidavit of the defendant and his counsel as to due diligence is a mere opinion, without sufficient facts being shown by which the court could judge whether they had used due diligence. *Redding* v. *State*, 183 *Ga.* 704 (189 S. E. 514), and cit. The court did not err in overruling the extraordinary motion for new trial.

*Judgment affirmed. All the Justices concur.*

No. 15334. JANUARY 15, 1946.

*William B. Kent,* for plaintiff in error.

*Eugene Cook, Attorney-General, W. H. Lanier, Solicitor-General, C. M. Dobbs, Assistant Attorney-General,* and *Rubye G. Jackson,* contra.