WÁLEA *et al.* v. PIERCE *et al.*

No. 15851. JUNE 12, 1947.

*I. W. Rountree,* for plaintiffs in error.

*D. A. Bragg, Charles G. Reynolds,* and *Alfred Herrington,* contra.

WYATT, Justice. ■ On the trial of this case there was one real issue—the existence or non-existence of Luphelia Pierce. As to this issue the evidence was in sharp conflict. Without attempting to review all the evidence, we think it sufficient to say that the

jury was authorized to find for either the plaintiffs or the defendants. A number of witnesses testified that they had lived in the vicinity of the disputed land all their lives; that they knew M. H. Pierce, his wife, and all his children; that the only Luphelia Pierce they had ever heard of was M. H. Pierce's child, who had died some forty or fifty years ago when only one or two years of age; that no person known as Luphelia Pierce, other than this child, had ever lived in the home with M. H. Pierce, or in the community. J. P. Walea, one of the defendants, testified that Luphelia Pierce was a woman who lived in M. H. Pierce's home for several years and held herself out to be his wife; that this woman was known in the community as Luphelia Pierce; that he had had a number of business transactions with her; that on one occasion he talked to Luphelia Pierce in the presence of M. H. Pierce with reference to purchasing the timber on the property in dispute, and he did purchase the timber from her under an oral contract; that later he met Luphelia Pierce in Savannah, Georgia, and she offered to sell him the land in litigation; that arrangements were made for him to meet her to complete the sale, and the following day he met her at Millen, Georgia, and that night took her to the home of a justice of the peace, where the sale was consummated and the deed executed and delivered. There were three witnesses to the deed. Two of them testified at the trial. The justice of the peace testified that a colored woman, unknown to him, executed the deed; that this woman represented herself to be Luphelia Pierce. The other witness testified that the woman who executed the deed had been known by him for a number of years; that she was known as Luphelia Pierce and lived on J. P. Walea's farm.

The jury having resolved the issue in favor of the plaintiffs, and there being ample evidence supporting their finding, we can not disturb their verdict.

■ The defendants relied upon estoppel, offering in evidence the proceedings in two prior actions. One was an equitable petition, brought in the name of J. P. Walea and Luphelia Pierce against B. F. Futch and Mrs. B. F. Futch, seeking to enjoin the defendants from trespassing upon the lands involved in the present litigation. In this prior petition it was alleged that Luphelia Pierce owned the land in dispute, and that J. P. Walea held a lease

to the timber. This petition was verified by M. H. Pierce, purporting to act as agent for Luphelia Pierce. The other suit was an injunction, brought in the name of Luphelia Pierce against the Tax Collector of Emanuel County, and sought to enjoin the collection of taxes. It was alleged in the petition that the land in dispute was owned by Luphelia Pierce. This petition was also verified by M. H. Pierce, purporting to act as agent for Luphelia Pierce.

Although the foregoing might properly have been considered by the jury as admissions, they were not such admissions as would amount to an estoppel. "Estoppels by admissions made in pleading apply only between parties and privies to the suit or litigation in which the admissions relied on as an estoppel were made." *Murray County* v. *Pickering,* 198 *Ga.* 354 (31 S. E. 2d, 722); *Harris* v. *Amoskeag Lumber Co.,* 101 *Ga.* 641 (29 S. E. 302); *Koplin* v. *Shartle Bros. Machine Co.,* 150 *Ga.* 509 (3) (104 S. E. 217).

Counsel for the plaintiffs in error relies upon, and cites *Anderson* v. *Clark,* 70 *Ga.* 362 (3); *Cheney* v. *Selman,* 71 *Ga.* 384 (2); *Youngblood* v. *Youngblood,* 74 *Ga.* 614; *Long* v. *Lawson,* 7 *Ga. App.* 461 (67 S. E. 124); *City of Savannah* v. *Monroe,* 22 *Ga. App.* 190 (95 S. E. 731). An examination of these cases will reveal that, where an estoppel was relied upon on the basis of admissions made in former pleadings, the entire litigation was between the same parties, or their privies, related to the same subject-matter, and was invoked by one party against the opposite party.

We think it clear that the plaintiffs were not estopped in this case.

■ One ground of the amended motion relates to newly discovered evidence, the supporting affidavits of three witnesses being to the effect that they were acquainted with a woman known as Luphelia Pierce, who had resided in the community for several years, and was well known to the affiants. This evidence was merely cumulative of that offered upon the trial. Similar evidence, by a number of witnesses offered by the defendants, is contained in the record. "To render alleged newly discovered evidence available as cause for a new trial, it should appear that the evidence itself is newly discovered, not merely that certain named witnesses by whom the facts can be proved were unknown until

after the trial." *Burgess* v. *State,* 93 *Ga.* 304 (20 S. E. 331). "Beginning with *Roberts* v. *State,* 3 *Ga.* 310, it has been repeatedly held by this court that newly discovered evidence which is merely cumulative, that is, tending to establish a fact in relation to which there was evidence upon the trial, is not good cause for a new trial." *Jinks* v. *State,* 117 *Ga.* 714 (44 S. E. 814) ; *Edge* v. *State,* 200 *Ga.* 257 (36 S. E. 2d, 673). The alleged newly discovered evidence in this case was not such as would require a new trial.

The foregoing rulings are controlling on all the special grounds of the amended motion for new trial. No error was committed in overruling the motion for new trial.

*Judgment affirmed.   All the Justices concur.*