## 26901. KITCHENS v. THE STATE.

HAWES, Justice. The defendant was convicted of murder with a recommendation of mercy and was sentenced to life imprisonment. His motion for a new trial was over-

ruled and he appealed to this court from the judgment of conviction and from the sentence.

1. The Supreme Court is a court for the trial and correction of errors of law committed in the trial courts, as shown by the record of what transpired therein which has been transmitted to it. This court has no original jurisdiction, and it cannot decide questions raised for the first time after the case has been appealed to it. Constitution of the State of Georgia, Art. VI, Sec. II, Par. IV (*Code Ann.* § 2-3704); *Velkey v. Grimes,* 214 Ga. 420 (105 SE2d 224); *Abrams v. State,* 223 Ga. 216, 225 (154 SE2d 443); *Moore v. Hanson,* 224 Ga. 482 (3) (162 SE2d 429); *Bonner v. Smith,* 226 Ga. 250 (2) (174 SE2d 438). Under the foregoing principles, grounds of enumerated error numbered 1, 2, and 6, in which appellant complains of the denial of a motion for change of venue, the denial of a motion for a continuance, and of his indictment and trial on two other offenses arising out of the same act, all relate to matters not shown anywhere in the record transmitted to this court to have occurred in the trial court, and they, therefore, present nothing for our consideration.

2. The third ground of enumerated error complains of the refusal of the court to charge the jury on manslaughter and self-defense. The evidence for the State with respect to the manner in which the killing occurred made out a case of cold-blooded murder perpetrated during an armed robbery in which it appeared, from the evidence for the State, that the victim, when confronted by the persons committing the robbery, reached for his gun and was shot three times by one of the robbers. The accused did not put in any evidence but merely made an unsworn statement in which he, in substance, contended that he had parted company with his co-indictees prior to the time the crime was committed. There was, thus, not one particle of evidence which in any way raised an issue as to manslaughter or self-defense, and it was not error for the court to fail to charge on this issue.

3. In the fifth ground of enumerated error appellant con-

tends that he was denied equal protection under the law and was denied a fair and impartial trial. The substance of his argument before this court in this regard is that though he was represented by a competent and experienced attorney, he was denied the investigative resources available to the State so as to enable him to locate witnesses, marshall evidence and otherwise prepare his case. It does not appear that any specific motion or ruling of the trial court was invoked in this regard. No motion for a continuance appears to have been made, nor was any other ruling of the court invoked which in any way relates to this issue. Under these circumstances, this ground of enumerated error may be disposed of upon the same principles as those grounds treated in Division 1 of this opinion. It is without merit and presents no issue for this court to pass upon.

4. In the fourth ground of enumerated error appellant contends that the court erred in denying his motion for a new trial. The only ground of the motion which is argued and insisted upon before this court relates to alleged newly discovered evidence, to wit, the testimony of the co-indictees of the accused, which he contends, if presented, would have exonerated him. Motions for a new trial on the ground of newly discovered evidence are not favored. All applications for new trial upon the ground of newly discovered evidence are addressed to the sound discretion of the trial judge, and unless it affirmatively appears that he has abused his discretion in overruling the same, his discretion will not be controlled. *Miller v. State,* 119 Ga. 561 (46 SE 838); *Harris v. State,* 149 Ga. 724 (2) (102 SE 159); *Lakes v. Lakes,* 171 Ga. 692 (1) (156 SE 620); *McCoy v. State,* 191 Ga. 516, 518 (13 SE2d 183); *Glass v. State,* 198 Ga. 491 (3a) (32 SE2d 294); *Buttersworth v. State,* 200 Ga. 13, 25 (36 SE2d 301). It must appear that the evidence itself is newly discovered and not merely that certain named witnesses by whom the facts can be proved were unknown until after the trial. *Burgess v. State,* 93 Ga. 304 (1) (20 SE 331);

*Jinks v. State,* 117 Ga. 714, 716 (44 SE 814). The alleged newly discovered evidence upon which the appellant relies was the testimony of his co-indictees which he contends, if given, would show "that they were present at the scene of the alleged crime, that they are personally familiar with all facts relative to the case, that they saw the event take place and they are willing to testify that this defendant was not present at the scene of the crime and was not involved in any way with its commission." This does not meet the test of newly discovered evidence. *Burgess v. State,* supra (Hn. 3). The appellant utterly failed to show the exercise of any diligence in the procurement of such evidence, and the trial court did not err in refusing to grant a new trial on this ground.

5. The evidence authorized the verdict of guilty. While it was admitted that the accused did not actually enter the premises wherein the murder was committed, there was evidence that early in the evening of the night of the murder the accused was seen in a bar, or tavern, in Augusta in the company of the other individuals who were charged with the same crime and overheard planning with them a robbery, and that he was seen near the locale of the crime and in the company of the same individuals at about the time of its commission. The murder was perpetrated in the commission of an armed robbery of an AmVets Club on the outskirts of Statesboro. A taxicab driver testified that early the next morning he picked up the accused on the outskirts of Savannah and drove him to downtown Savannah, and that while in the taxicab the accused volunteered certain information as to the reason for his presence at the place where he was picked up, which information, it appears, was false. Another witness testified that the accused later registered at a hotel in downtown Savannah, giving an assumed name, and that his co-indictees separately registered in a group at the same hotel, all giving assumed names. The circumstances were sufficient to authorize the jury to convict the defendant. No error of law appearing, the

judgment of conviction and sentence was authorized, and the trial court did not err in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur.*
ARGUED DECEMBER 14, 1971—DECIDED FEBRUARY 11, 1972.

*Ralph U. Bacon,* for appellant.
*J. Lane Johnston, District Attorney,* for appellee.