### 32472. WATERS et al. v. NARCARTI et al.

JORDAN, Justice.

Narcarti sued Waters, an adjoining landowner, in tort for damages resulting from the construction by Waters of a dam upon his property which caused surface water to back upon and damage Narcarti's property. Waters appeals a jury verdict awarding Narcarti $5,000 in damages and an order by the trial court permanently restraining him from creating or allowing to exist a dam or other obstruction on his property which backs water onto the Narcarti property.

1. Appellant alleges as error the trial court's charge on the law of prescription and the measure of damages to be applied. Since there is no issue of prescriptive use raised by the pleadings or the evidence, the trial court's charge relating to prescription was not warranted. However, error to be reversible must be harmful, and this error was harmless in that it worked to the detriment of neither party. This charge would benefit both parties as appellant could acquire by prescription the right to back this water on Narcarti's property. Likewise, Narcarti could acquire a right to have waters flow across appellant's property.

The trial court charged on both permanent and temporary damages, and no objections were made to these charges by appellant. The evidence presented by Narcarti relating to the value of his farm production operations which had been disrupted by appellant's action supports these charges, and they were therefore correctly given.

2. Appellant also raises the general grounds that the verdict was not authorized or supported by the evidence. There was sufficient evidence presented for the jury to find a trespass resulting from the construction of a dam by Waters upon his property which caused surface water to back upon the adjoining property of Narcarti.

3. Appellant's final enumeration of error cites the trial court's denial of his motion for a new trial based upon newly discovered evidence. Appellant presented as new evidence an affidavit by the appellee's predecessor in title concerning the natural state of the appellee's property. This affidavit presents no evidence which was not known at the time of trial and to which various witnesses could have testified. This additional evidence is not sufficient to demand the granting of a new trial for it must "appear that the evidence itself is newly discovered, not merely that certain named witnesses by whom the facts can be proved were unknown until after the trial." *Burgess v. State*, 93 Ga. 304 (20 SE 331) (1893); *Edge v. State*, 200 Ga. 257 (3) (36 SE2d 673) (1946).

*Judgment affirmed. All the Justices concur, except Hill, J., who concurs in the judgment only.*

SUBMITTED JUNE 24, 1977 — DECIDED SEPTEMBER 7, 1977.

*M. Francis Stubbs,* for appellants.
*Richard D. Phillips,* for appellees.

