## WILKINSON & WILSON vs. THIGPEN.

71 497
101 643

[Jackson, Chief Justice, did not preside in this case, on account of providential cause.]

1. Where the real issue in a claim case was whether the *fi. fa.* had been paid or not, a request to charge to the effect that the claimant based his claim on the ground of a transfer of the *fi. fa.*, and that such transfer must be in writing, was properly refused.

2. The holders of a mortgage *fi. fa.* against the estate of a deceased debtor had certain transactions with a legal firm, of which the administrator was a member, and gave to them an order on the attorney of the plaintiffs in *fi. fa.* to pay over the proceeds thereof to them. The administrator caused the *fi. fa.* to be satisfied, and charged the amount to the estate:

*Held*, that this was a payment of the *fi. fa.* If an order on plaintiff's attorney be given for the proceeds in his hands, and the person receiving the order gets such proceeds, it is a payment of the *fi. fa.*, and the land is no longer subject thereto.

3. If admissions made in pleadings in former suits can be reconciled with the testimony of the witness on the stand, it should be done. Estoppels are not favored, and they apply only between parties and privies to the suit or litigation in which the admissions relied on as an estoppel were made. Admissions made in one suit do not estop a witness from testifying differently in a case between other parties. The credit to be given a witness is for the jury.

December 4, 1883.

Charge of Court. Payment. Executions. Attorney and Client. Estoppel. Witness. Before Judge RONEY Burke Superior Court. November Adjourned Term, 1882.

Wilkinson & Wilson foreclosed a mortgage against Wilkins, administrator of Pierce, and the *fi. fa.* was levied on the land described therein. Thigpen, who held a title under one of the heirs of Pierce, and under a distribution of his estate, claimed the property, and insisted that the mortgage *fi. fa.* had been paid. The facts on which this claim rested, as well as the leading grounds of error alleged, are sufficiently stated in the decision. It was insisted that in former cases Wilkins had made solemn admissions *in judicio* which he should not be allowed to contradict as a witness on the stand; and in support of this position records

of various cases between the plaintiffs, Wilkins, one Miller and one Connally, Wilkinson & Wilson, and Wilkins, administrator of Pierce, were introduced in evidence. In these records were statements indicating that the Pierce mortgage had not been turned over or transferred to Wilkins and his partner, Cain; and that he was entitled to certain other moneys held by him as fees from plaintiffs.

The jury found the property not subject. Plaintiffs moved for a new trial, which was refused, and they excepted.

One branch of this litigation will be found reported in 51 *Ga.*, 448.

SALEM DUTCHER, for plaintiffs in error.

H. E. W. PALMER, for defendant.

HALL, Justice.

It is obvious that the verdict in this case is supported by the evidence, and should stand, unless the judge of the superior court failed to charge a request of the plaintiffs which should have been given, or gave an erroneous charge, that influenced the finding, and which should have been omitted.

We think he did neither.

The plaintiffs held a mortgage, made by Pierce, which had been foreclosed in their name against Wilkins, as Pierce's administrator. After the foreclosure of the mortgage, there were negotiations between them and Wilkins & Cain about some matters of business which Wilkins & Cain, as attorneys at law, had in hand for them; these negotiations resulted in an order from the plaintiffs to Mr. Knight, their attorney, to pay the proceeds of the mortgage to Wilkins & Cain. Wilkins caused this mortgage to be satisfied, and charged up the amount to Pierce'. estate, and returned the charge to the court of ordinary, which was allowed. Thereafter there was a division in kind of the

estate of Pierce among his heirs, and this mortgaged land falling to one of them, she sold and conveyed it to Thigpen, who is the claimant in this case. This conveyance was made some ten years after the foreclosure of the mortgage. There is not the slightest evidence in the record that the claimant had notice of any of the facts relied on by the plaintiffs to subject this property. The only notice he seems to have had from the records of the courts, or from any other source, was of the facts above detailed in respect to the extinguishment of the lien of the mortgage.

1. The court did not err in refusing to charge plaintiff's written request that, "in this case the claimant bases his claim upon the ground that plaintiffs in *fi. fa.* transferred their judgment to Wilkins & Cain, and that Wilkins, as administrator of Pierce, paid the amount of the judgment to them as such transferees. To sustain this allegation, the claimant must prove that the plaintiffs in *fi. fa.* transferred their judgment in writing, and not otherwise, to Wilkins & Cain, and unless claimant made this proof, the jury should find the property subject to the execution." The claimant did not base his claim upon any transfer of this *fi. fa.* to Wilkins, but upon the fact of payment. Wilkins & Cain did not set up any claim to a transfer of this judgment; they contracted with the plaintiffs to collect the same and turn over the proceeds to them. It was Wilkins's duty, as administrator, of Pierce to pay this debt. What necessity was there for handing the money to plaintiffs' attorney, merely to have it returned to Wilkins & Cain. They were at all events entitled to receive it, and receiving it from Pierce's estate, they only did what was proper in satisfying the mortgage *fi. fa.*

2. If this view be correct, then the court should have charged, as he did, the plaintiffs' request, "that if the jury found from the evidence that Wilkinson & Wilson, or B. J. Wilson, one of that firm, ordered the proceeds of the Pierce *fi. fa.* to be paid by their attorney to Wilkins & Cain, and that Wilkins & Cain got the proceeds, then this was a full

payment of the *fi. fa.*, and they should find the land not subject."

3. It is insisted that Wilkins's testimony was incompetent and should have been rejected, because, as it is alleged, he had made solemn admissions *in judicio*, in suits involving his right to this *fi. fa.*, between plaintiffs and Wilkins & Cain, and that he was thereby estopped.

The inconsistency between these admissions and Wilkins's testimony in this case is not apparent. The two may be reconciled, and wherever this is practicable, the law requires it to be done, in order to save the witness from the imputation of false swearing. At most, this was a fact affecting the credit of the witness, and was properly left to the jury. Estoppels are not favored, and should not be resorted to except in cases " where it would be more unjust and productive of more evil to hear the truth than to forbear the investigation." Code, §3753. They apply only as between parties and privies to the suit or litigation in which the admissions relied on as an estoppel were made. The claimant in this case was an utter stranger to these proceedings; he did not hold under Wilkinson & Wilson, or Wilkins & Cain, but under Pierce's heir at law, who had, in due course of administration, acquired title to the property in question; and it does not appear that he had notice of any incumbrance upon his title; indeed it is evident that he was apprised there was none.

Judgment affirmed.