8956, 9000.   MAYOR AND ALDERMEN OF THE CITY OF
SAVANNAH *v.* MONROE; and *vice versa.*

1. The defendant in certiorari having assumed the position that "to render
   a decision upon any issue raised by the certiorari will . . be vain
   and useless," and having induced the court to dismiss the certiorari
   in accordance with that position, and the plaintiff having acquiesced
   in that ruling, the defendant in certiorari is now estopped from taking
   any contrary position in the same case, or between the same parties
   respecting the subject-matter of the same case; and this is true
   whether the judgment thus induced was right or wrong.   Taylor *v.*
   *Crook,* 136 Ala. 354 (34 So. 905, 96 Am. St. R. 26); *Haber-Blum-Bloch
   Hat Co.* v. *Friesleben,* 5 *Ga. App.* 123 (62 S. E. 712); *Mance* v. *State,*
   5 *Ga. App.* 230 (62 S. E. 1053); *Long* v. *Lawson,* 7 *Ga. App.* 461 (67
   S. E. 124); *Orusselle* v. *Reinhardt,* 68 *Ga.* 619; *Anderson* v. *Clark,* 70
   *Ga.* 362; *Cheney* y. *Selman,* 71 *Ga.* 384; *Youngblood* v. *Youngblood,* 74
   *Ga.* 614; *Miller* v. *Wilkins,* 79 *Ga.* 475 (4 S. E. 261); *Lynn* v. *New
   England Security Co.,* 98 *Ga.* 442 (26 S. E. 750); *American Grocery
   Co.* v. *Kennedy,* 100 *Ga.* 462 (28 S. E. 241); *Luther* v. *Clay,* 100 *Ga.*
   241 (28 S. E. 46, 39 L. R. A. 95); *Vaughn* v. *Strickland,* 108 *Ga.* 661
   (34 S. E. 192); *Waldrop* v. *Wolff,* 114 *Ga.* 619 (40 S. E. 830); *Griffin*
   v. *Collins,* 122 *Ga.* 107 (49 S. E. 827); *Gate City Cotton Mills* v.
   *Cherokee Mills,* 128 *Ga.* 174 (57 S. E. 320); *Lancaster* v. *Brown,* 139
   *Ga.* 376 (77 S. E. 381); Davis *v.* Wakelee, 156 U. S. 680 (15 Sup. Ct.
   555, 39 L. ed. 578); Bank of Irongate *v.* Brady, 184 U. S. 665 (22
   Sup. Ct. 529, 46 L. ed. 739); Bensieck *v.* Cook, 110 Mo. 173 (19 S. W.
   642, 33 Am. St. R. 422); Hodges *v.* Winston, 95 Ala. 514 (11 So. 200,.
   36 Am. St. R. 241).
2. The superior court having held that the certiorari presented only moot
   questions for decision, and there being no exception to that ruling which
   this court can consider, it must stand as the law of the case, binding
   alike upon this court and upon the superior court, until set aside
   in some one of the methods prescribed by law.   *Sims* v. *Ga. Ry. &c.
   Co.,* 123 *Ga.* 643 (51 S. E. 573); *Matthews* v. *State,* 125 *Ga.* 248 (54
   S. E. 192).
3. If the certiorari presented only moot questions for decision, a dismissal
   of the case could not prejudice any right of the plaintiff in certiorari
   in any other case, whether so provided in the judgment or not.   See
   Bouvier's Law Dict. (Rawle's Third Rev.), "Moot," and authorities
   there cited.
4. Where a defendant in certiorari moves to dismiss the case, on the
   ground that only moot questions are presented for decision, and the
   plaintiff's sole reply is that such dismissal might affect his rights in
   another case, the superior court may, in sustaining the motion, ex-
   pressly provide that the judgment shall be "without prejudice to the
   plaintiff in certiorari" in any other case.   *Henderson* v. *Hoppe,* 103
   *Ga.* 684 (30 S. E. 653).
5. This court will not consider moot questions, except to determine that
   they are or must be held to be moot, and to make such other rulings

as result from a determination that the principal question is or must be held to be moot. *Benton* v. *Singleton,* 114 *Ga.* 548 (4) (40 S. E. 811).

6. A motion in arrest of a judgment dismissing a moot case is itself moot.

7. The record presents no other question that can be decided, and shows no error that requires a reversal.

DECIDED APRIL 11, 1918.

Certiorari; from Chatham superior court—Judge Meldrim. May 25, 1917.

*R. J. Travis, D. S. Atkinson,* for City of Savannah.

*Osborne, Lawrence & Abrahams,* for Monroe.

LUKE, J. The record in this case discloses the following material facts: John H. Monroe held the office of chief engineer of the fire department of the City of Savannah. He was charged with insubordination, and the mayor and aldermen of that city tried him on that charge, and on April 18, 1916, adjudged him guilty and dismissed him from office. His petition for certiorari to review that judgment was duly sanctioned, filed, served, and answered; but before the certiorari was heard the defendant city moved to dismiss it, on the ground, among others, that, because of certain facts it set forth, "the rights claimed in his petition for certiorari no longer exist, and to render a decision upon any issue raised by the certiorari will at this time be vain and useless." Monroe filed a reply to that motion, admitting the facts set up by the defendant's motion, but averring that he had a claim against the city for his salary from the date of his expulsion to the date of the expiration of his term of office, and that it was necessary for the certiorari to proceed in order that his rights in that behalf might be subsequently adjudicated. Upon considering the defendant's motion to dismiss the certiorari, together with the plaintiff's reply thereto, the superior court, on April 12, 1917, entered upon the motion a judgment as follows: "The within motion is sustained and the entire certiorari proceedings herein are dismissed, without prejudice to the rights of the plaintiff in certiorari in the case of John H. Monroe vs. The Mayor and Aldermen of the City of Savannah, now pending in this court and returnable to the June term thereof."

Both parties apparently acquiesced in that ruling until May 24, 1917, during the same term, at which time the defendant filed a motion in arrest of that part of the judgment quoted above which

provides that the judgment shall be "without prejudice to the plaintiff in certiorari" in another proceeding. The grounds alleged for arresting the judgment were that it was not within the jurisdiction of the court and was not authorized by the pleadings. Upon the hearing the motion in arrest of judgment was overruled. In the principal bill of exceptions now before this court the city assigns error upon the latter judgment only. In a cross-bill of exceptions Monroe assigns error upon the judgment dismissing the certiorari.

The headnotes need no elaboration.

*Judgment on the main bill of exceptions affirmed; cross-bill dismissed. Wade, C. J., and Jenkins, J., concur.*