### 21153. Mims *v.* The State.

Broyles, C. J. 1. "The law now is, that although the birth of a child during wedlock raises a presumption that such child is legitimate, yet that this presumption may be rebutted by evidence; and it is the duty of the jury to weigh the evidence against the presumption, and to decide, as in the exercise of their judgment, the truth may appear to preponderate. Either in a civil suit, or on a criminal prosecution, by the evidence of *non access,* or other testimony, the presumption of the legitimacy of the offspring may be rebutted. The same rules apply, whether the bastardy originates before or after marriage. In both cases, the law says, *presumptively,* it is the child of the husband." *Wright* v. *Hicks,* 12 *Ga.* 155 (2, 3, 4) (56 Am. D. 451).

2. Section 3012 of the Civil Code of 1910, properly construed, means that *presumptively* all children born in wedlock, or within the usual period of gestation thereafter, are legitimate, and *presumptively* the children of the husband.

3. In the instant case the court erred in charging, in substance, that a child born in wedlock, or within the usual period of gestation thereafter, was, as a matter of law, the child of the husband.

4. The accused (a sixteen-year-old boy) was charged with the abandon-

ment of his minor child. The wife testified that he was the father of her child and that she had associated with no other boy. The accused in his statement to the jury declared that he was not the father of the child, that he "never had anything to do with her at all. She ran with other boys besides me and they had just as much chance of being the father of the child as I had." Under these circumstances it was error for the court to reject the testimony of witnesses as to the wife's reputation for lewdness, and as to the fact that she associated with various other boys besides the defendant, running around with them at night and other times.

5. The fact that the marriage was void for the reason that the defendant was unable to enter into such a contract, because of his tender years (sixteen), did not render the child illegitimate, the marriage not having been annulled and declared void by a competent court. Civil Code (1910), § 2935. See also, in this connection, 35 Cyc. 1335, 1336.

6. The court erred in overruling the defendant's motion for a new trial.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*

DECIDED MARCH 31, 1931.

*Miller & Lowrey,* for plaintiff in error.
*John Y. Roberts, solicitor,* contra.