48394. THORNTON v. THE STATE.

Pannell, Judge. The defendant was tried and convicted of the offense of child abandonment under Code § 74-9902. The mother

of the child testified at the trial, her testimony being that she was married but separated from her husband on September 1, 1971, and dated the defendant from October 1971 to February 1972, and became pregnant by the defendant; that during this time she had no relations with any other men and that the defendant was the father of the child, born on October 24, 1972. The mother was divorced from the husband on June 30, 1972, but continued to live in the same town. A birth certificate was introduced in evidence by the defendant showing the father of the child to be the former husband of the mother. Letters from the defendant to the mother admitting the child was his, before it was born, were introduced in evidence without objection, but objection was made to the mother reading the letters from the stand. This objection, together with defendant's motion for a directed verdict were overruled. The defendant appealed. *Held.*

1. While it is the law that the birth of a child during wedlock, or within the period of gestation, thereafter, raises a presumption that such child is legitimate, yet this presumption may be rebutted by evidence; and it is the duty of the jury to weigh the evidence against the presumption, and to decide, as in the exercise of their judgment, the truth as it may appear by the preponderance of the evidence. Either in a civil suit, or on a criminal prosecution, by the evidence of non access, or other testimony, the presumption of the legitimacy of the offspring may be rebutted. See, *Mims v. State,* 43 Ga. App. 100 (157 SE 901). See also Code §§ 74-101, 74-201. The evidence was sufficient to authorize the finding of the jury. The case of *Colson v. Huber,* 74 Ga. App. 339 (39 SE2d 539) involved an attempt to enforce a contract for maintenance of two illegitimate children against the putative father after the death of the mother's husband. This court decided that the agreement made in contemplation of meretricious conduct was against public policy and would not be enforced by the courts. Here, we have an obligation of support imposed by the statute. The evidence was sufficient to authorize the verdict and the trial judge did not err in overruling the defendant's motion for directed verdict.

2. "It is harmless error to permit a witness to testify to the contents of writings introduced in evidence, over objection that such testimony is secondary evidence, when it appears that the testimony of the witness corresponds with such writings." *Allen, McIntosh & Co. v. Farmers &c. Nat. Bank,* 129 Ga. 748 (4) (59 SE 813). The error, if any, in permitting the mother to read the

576

letters introduced in evidence in the present case was therefore harmless.

*Judgment affirmed. Eberhardt, P. J., and Stolz, J., concur.*
    SUBMITTED JUNE 29, 1973 — DECIDED SEPTEMBER 5, 1973.

*Albert E. Butler,* for appellant.
*W. P. Strickland, Jr., Solicitor,* for appellee.

*Judgment affirmed. Eberhardt, P. J., and Stolz, J., concur.*
    SUBMITTED JUNE 29, 1973 — DECIDED SEPTEMBER 5, 1973.