### 49886. HARPER v. FIRST NATIONAL BANK OF ATLANTA.

CLARK, Judge.

This appeal presents a procedural problem dealing with our new statute covering foreclosures of security instruments on personal property.

The statute appears in Ga. L. 1974, p. 398 under the caption of "Mortgages — Provisions for foreclosures of mortgages on personalty changed." It repealed in toto the existing Chapter 67-7 of the Code and enacted a new Code

Chapter which carries the same numbers[1] as to both chapter and sections. Our previous foreclosure procedure was created by the Judiciary Act of 1799 when Georgia was one of the first states to abolish special pleadings. Minor changes were made in 1839, 1871, and 1882, but this ex parte procedure permitting possessory proceedings for personalty had been retained in every Code.[2] Our new statute resulted from the decision of Fuentes v. Shevin, 407 U. S. 67 (92 SC 1983, 32 LE2d 556) (1972). There the Supreme Court held similar statutes dealing with replevin procedures in Florida and Pennsylvania were unconstitutional because they worked a deprivation of property without due process of law by denying the right of a prior opportunity to be heard before chattels are taken from the possessor. Georgia's 1974 statute undertook to create a constitutional procedure to meet this ruling and similar due process decisions.

The facts of this case may be thus summarized: Plaintiff Bank filed a "foreclosure of personal property" petition against defendant alleging defendant was indebted to plaintiff in the principal amount of $475.67. Service was effected on July 22, 1974. Four days afterwards (July 26) defendant filed her answer denying the indebtedness. This answer also pleaded various defenses along with a counterclaim. The record shows that neither defendant nor her attorney received any further notice after the filing of this defensive pleading.

On July 29, which was on the seventh day after defendant had been served, plaintiff made "Application for Writ of Possession and Judgment." The application recited, in part, that ". . . the defendant *having failed to answer,* application is hereby made to the court for the issuance to the plaintiff of a writ of possession. . ."

---

[1]This legislative practice is understandable from a drafting standpoint, but causes confusion in legal research.

[2]Georgia has had seven codifications known respectively as Codes of 1863, 1867, 1873, 1882, 1895, 1910, and 1933.

(Emphasis supplied). Based upon plaintiff's application containing this recital of "no answer" the court granted plaintiff a writ of possession and rendered a money judgment. This appeal is from that judgment. *Held:*

"The summons served on the defendant pursuant hereto [Code Ann. Ch. 67-7] shall command and require the defendant to appear at a hearing on a day certain . . . not less than seven days from the date the summons was served." Code Ann. § 67-703. "At or before the time of hearing, the defendant may answer in writing. . . If the defendant answers, a trial of any issue requiring trial shall be had in accordance with the procedure prescribed for civil actions in courts of record. *The trial shall not be held before seven days have elapsed from the date of the hearing.*" Code Ann. § 67-704. (Emphasis supplied.)

In view of the foregoing provisions of Code Ann. Ch. 67-7 and defendant's timely answer, the trial court erred in awarding judgment to plaintiff by default.

*Judgment reversed. Bell, C. J., and Quillian, J., concur.*

SUBMITTED NOVEMBER 4, 1974 — DECIDED JANUARY 7, 1975.

*Hill, Jones & Farrington, E. Lundy Baety,* for appellant.

*Harold B. Thompson,* for appellee.