## 57871. BURNETT v. PACE.

SHULMAN, Judge.

In a dispossessory warrant proceeding, defendant-tenant defaulted by failing to answer within the time specified in the warrant. Although defendant successfully opened the default by making an answer in compliance with Code Ann. § 61-303, the trial court entered a default judgment against defendant. It is from this judgment that defendant appeals. We reverse.

1. Appellant contends that the trial court improperly construed this case as one in default and then erroneously entered a money judgment against him. We agree.

Code Ann. § 61-303, in conjunction with Code Ann. § 61-302 (b), provides that if the tenant fails to answer within seven days from the date of service, the tenant may open the default as a matter of right by making an answer

within seven days after the date of the default. The date to open the default as a matter of right was specified on the warrant as January 25, 1979. Appellant filed a timely and proper answer on January 22, 1979. Under these circumstances, it was error for the trial court to render default judgment against appellant. Cf. *Harper v. First Nat. Bank,* 133 Ga. App. 690 (212 SE2d 20).

2. The appellee cites cases advancing the proposition that appellant's failure to include a transcript of the record on appeal requires an affirmance of the trial court's judgment. See generally *Lee v. Tollerson,* 139 Ga. App. 446 (3) (228 SE2d 595). This contention is not well taken. Since a proper determination of the issues in this case does not require an examination of the transcript of evidence from the lower court (see, e.g., *Irby v. Christian,* 130 Ga. App. 375 (2) (203 SE2d 284), revd. on other grounds 232 Ga. 384 (207 SE2d 23)), cases cited by appellee are inapposite.

Since we reversed the judgment of the trial court for the reasons stated in Division 1 of this opinion, we need not consider additional grounds for reversal advanced by the appellant.

*Judgment reversed. Deen, C. J., and Carley, J., concur.*

ARGUED MAY 8, 1979 — DECIDED SEPTEMBER 4, 1979.

*Roy M. Sobelson, John L. Cromartie, Jr.,* for appellant.

Lewis T. Pace, Sr., *pro se.*