## 60015. PARKS v. THE STATE.

McMurray, Presiding Judge.

The defendant was tried and convicted upon an accusation as to the offense of child abandonment. The mother of the child testified at the trial as follows: She was married but separated from her husband. She began having sexual relations with the defendant almost "every night" which went on for "at least seven or eight months until I got about six months pregnant." During this time she had no relations with any other man, and the defendant was the father of the child. The birth certificate bears her husband's name as being the father of the child, but under no circumstances could he have been the father of the child because she was not living with him and she had not had relations with her husband in two years.

At the completion of the evidence the defendant moved for a directed verdict of acquittal. The motion was based upon the presumption of legitimacy of the child and the State's failure to carry the burden of proving beyond a reasonable doubt that the married mother, as prosecutrix, had failed to overcome the presumption of legitimacy. The birth certificate shows the name of the father to be her legal husband. The motion was overruled, and defendant appeals. *Held:*

The enumerations of error contend the trial court erred- in failing to enter a verdict of not guilty because the State failed to overcome the presumption of legitimacy as required by law and failed to show or prove the non-access of the husband of the prosecutrix. Both of these contentions of error are concerned with the sufficiency of the evidence. It is the law that the birth of a child during wedlock or within the period of gestation, thereafter, raises a presumption that such child is legitimate, "yet this presumption may be rebutted by evidence; and it is the duty of the jury to weigh the evidence against the presumption, and to decide, as in the exercise of their judgment, the truth as it may appear . . ." *Thornton v. State,* 129 Ga. App. 574, 575 (1) (200 SE2d 298). Either by the evidence of non-access or other testimony, the presumption of the legitimacy of the offspring may be rebutted. Code §§ 74-101 and 74-201; *Mims v. State,* 43 Ga. App. 100 (157 SE 901); *Thornton v. State,* 129 Ga. App. 574, 575 (1), supra.

Although the defendant offered evidence denying that he was the father of the child and offered testimony that the legal husband, not divorced, was a frequent visitor, having access, which the prosecutrix denied, this conflicting testimony, together with the testimony of the grandmother of the child that the defendant admitted to her that the child was his, plus the testimony of another witness that the defendant was the "only guy" this prosecutrix was ever seen with and "they used to be together all the time" and she did not know the prosecutrix's husband, was sufficient for the jury to determine same overcame the presumption that the married husband shown on the birth certificate was the father of the child.

Upon our careful review of the trial transcript and record, we find, and so hold, that a rational trier of fact (the jury in the case sub judice) could easily have found the defendant guilty beyond a reasonable doubt based upon the totality of the evidence here that the defendant was the father of the minor child, had not in anywise supported it, and the husband was not supporting the child. The defendant's sole defense was that he was not the father of the child. See *Driggers v. State,* 244 Ga. 160, 161 (1) (259 SE2d 133); *Boyd v. State,* 244 Ga. 130, 132 (5) (259 SE2d 671); *Moses v. State,* 245 Ga. 180, 181 (1) (263 SE2d 916); *Dukes v. State,* 151 Ga. App. 312, 313 (259 SE2d 706). The enumerations of error are not meritorious.

*Judgment affirmed. Smith and Banke, JJ., concur.*

Submitted June 5, 1980 — Decided
June 20, 1980.

*Harris C. Bostic,* for appellant.

*John R. Thompson, Solicitor,* for appellee.