## 61030. FOSTER v. THE STATE.

CARLEY, Judge.

This abandonment case arose as a result of a warrant issued on the basis of an affidavit made by Judy Burgener. The warrant was dated March 5, 1979, and alleged that on November 21, 1976, appellant Foster abandoned his illegitimate child — Richard Eric Burgener, age 2. The jury rendered a verdict finding appellant to be the father of the child and guilty of abandoning him. Appellant filed a motion in arrest of judgment and, in the alternative, moved for a new trial. This appeal follows the denial of both motions.

Appellant attacks the verdict and judgment of conviction and sentence entered thereon as contrary to the law and the evidence. We note at the outset that the state's contention that the absence on appeal of a transcript of the trial proceedings requires an affirmance of the judgment is without merit. See *Burnett v. Pace,* 151 Ga. App. 111 (2) (258 SE2d 916) (1979).

The thrust of appellant's argument is that Ms. Burgener's prior institution of a civil action for divorce precludes, as a matter of law, her prosecution of this abandonment action. The pertinent facts gleaned from the record before us are as follows: On February 14, 1978, Ms. Burgener filed a verified complaint for divorce against one Richard Eric Burgener. She alleged therein that Richard Burgener was a child of the marriage between herself and Mr. Burgener. In the complaint she prayed for custody and for support of the child from Burgener. The record before this court does not reveal the disposition, if any, of the divorce proceedings. This abandonment proceeding was subsequently instituted when Ms. Burgener swore out the warrant against appellant Foster alleging him to be the father of the same child and accusing him of wilfully abandoning that child.

Appellant relies upon the doctrine of election of remedies. "Prior to the effective date of the Civil Practice Act, a plaintiff was permitted to 'pursue any number of consistent concurrent remedies against different persons' until he obtained a satisfaction from some

of them. Former *Code* § 3-114. [Cit.] This provision of the Code was uniformly held to bar the pursuit of two inconsistent remedies. Two remedies were inconsistent if the assertion of one involved the negation or repudiation of the other. [Cits.] However, by § 45 of the Act approved March 30, 1967 (Ga. L. 1967, pp. 226,247), amending the Civil Practice Act, former *Code* § 3-114 was amended to read: 'A plaintiff may pursue any number of consistent or inconsistent remedies against the same person or different persons until he shall obtain a satisfaction from some of them.' *Code Ann.* § 3-114." *Cox v. Travelers Ins. Co.,* 228 Ga. 498 (186 SE2d 748) (1972); see *Adams v. Cox,* 152 Ga. App. 376 (1) (262 SE2d 634) (1979). However, "Code § 3-601 does prohibit a plaintiff from prosecuting two actions in the court for the same cause and against the same party, and, if the actions are commenced at different times, the pendency of the former shall be a good defense to the latter." *Harrison v. Speidel,* 244 Ga. 643 (261 SE2d 577) (1979).

Pretermitting a determination of what effect the fact that the subsequent abandonment action was a criminal rather than a civil action has on appellant's "election of remedies" argument, we do not believe that the abandonment action and the prior divorce proceeding otherwise come within the parameters of Code § 3-601. While both actions sought to adjudicate the question of support for the same child, it is equally obvious that the defendants were different. Therefore, we conclude that the mere pendency of the former suit for divorce wherein Ms. Burgener sought support for the child from Mr. Burgener does not preclude, as a matter of law, the subsequent prosecution of an abandonment action to adjudicate the question of appellant's obligation for support of the same child. The numerous cases relied upon by appellant were decided prior to the 1967 amendment of Code Ann. § 3-114 and are not authority to the contrary.

Appellant also urges that the verified allegations in Ms. Burgener's divorce complaint constitute judicial admissions as to the paternity and legitimacy of the child and estop her from asserting a contrary position in this abandonment action. Statements in pleadings are considered as judicial and not as evidential admissions, and for these purposes, until withdrawn or amended, are conclusive. *Wood v. Claxton,* 199 Ga. 809 (1) (35 SE2d 455) (1945); *State Farm &c. Ins. Co. v. Anderson,* 107 Ga. App. 348, 353 (130 SE2d 144) (1963). However, " '[e]stoppels by admissions made in pleading apply only between parties and privies to the suit or litigation in which the admissions relied on as an estoppel were made.' [Cits.]" *Walea v. Pierce,* 202 Ga. 367, 370 (43 SE2d 268) (1947); see also *Murray County v. Pickering,* 198 Ga. 354 (1) (31 SE2d 722) (1944). When such

admissions in pleadings are introduced as evidence in a later and different action, they no longer operate as admissions in judicio but, rather, as evidentiary admissions. As evidence, such admissions may be explained or contradicted. *Dixon v. Cassels Co.,* 34 Ga. App. 478 (2) (130 SE 75) (1925); *Scott v. Powell Paving Co.,* 43 Ga. App. 705 (2) (159 SE 895) (1931); *Wise &c. Assoc. v. Rosser White &c. Inc.,* 146 Ga. App. 789 (1) (247 SE2d 479) (1978); *Perling v. Perling,* 243 Ga. 557 (2) (255 SE2d 53) (1979); see Green, Ga. Law of Evidence, §§ 238, 249. Accordingly, while the statements made by Ms. Burgener in the prior divorce complaint relating to the paternity of the minor child were admissible in evidence in the abandonment proceeding, they were not absolutely binding and conclusive against her and she was not estopped to explain or deny the substance of those admissions. *Hill v. Armour Fertilizer Works,* 21 Ga. App. 45 (5) (93 SE 511) (1917); *Wilkinson & Wilson v. Thigpen,* 71 Ga. 497 (3) (1883). Nor does the record reveal any basis for asserting an equitable estoppel. See *Liberty Nat. Bank v. Diamond,* 231 Ga. 321, 323 (201 SE2d 400) (1973); *Garmon v. Davis,* 63 Ga. App. 815, 819 (12 SE2d 209) (1940).

Thus, we conclude that the prosecution of the case at bar was not precluded, as a matter of law, on the basis of the prior divorce action or because of the allegations made by Ms. Burgener in the divorce complaint. See *Thornton v. State,* 129 Ga. App. 574 (200 SE2d 298) (1973); *Parks v. State,* 155 Ga. App. 44 (270 SE2d 271) (1980). There being no transcript for us to review, we must assume that the evidence presented at trial was sufficient to support the verdict and that the rulings of the trial court were correct. *Johnson v. Scott,* 141 Ga. App. 645 (234 SE2d 184) (1977); *Buford v. Buford,* 234 Ga. 700 (217 SE2d 160) (1975). Accordingly, we find that the trial court did not err in denying appellant's post judgment motions.

*Judgment affirmed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED FEBRUARY 18, 1981.

*Edward J. Magner,* for appellant.
*David Cook, Assistant Solicitor,* for appellee.