## A00A1814. In re ESTATE OF SLAUGHTER.
(540 SE2d 269)

Johnson, Chief Judge.

Moses Slaughter, Jr. died intestate. His sister, Annie Walker, applied for letters of administration, claiming to be the sole heir. On the same day, Cynthia Boggs filed a petition to determine heirs at law, claiming to be Slaughter's child born out of wedlock. After a bench trial, the probate court found there was clear and convincing evidence that Boggs was Slaughter's daughter and ruled that Boggs is entitled to inherit under OCGA § 53-2-3. Walker appeals this determination.

We first note that Walker enumerates four errors. However, only one argument is presented in her appellate brief, and that argument relates solely to her challenge regarding the sufficiency of the evidence. Therefore, we will consider whether Boggs presented sufficient evidence in the probate court to overcome the presumption that she was the child of her mother's spouse and to show that she was, in fact, Slaughter's child. Any other issues raised in Walker's enumerations of error are deemed abandoned and waived pursuant to Court of Appeals Rule 27 (c) (2).

The record shows that Cynthia Boggs was born while her mother, Mary Boggs, was married to Franklin Boggs. However, for approximately two years before Boggs was conceived, Mary Boggs was separated from Franklin Boggs and had no sexual relationship with him. Mary Boggs testified that she dated Slaughter exclusively during this period and had no contact with Franklin Boggs during this period. Mary Boggs also testified that Slaughter was the father of Cynthia Boggs. She stated that Slaughter was happy about the child, acknowledged he was the father, and provided money, diapers, and clothing for his daughter. He always gave Cynthia Boggs money in birthday and Christmas cards. In addition, he paid for Cynthia Boggs to go to school and helped provide for her son. Cynthia and Mary Boggs both testified that Slaughter told his mother and friends that Cynthia Boggs was his daughter. They also testified that Slaughter attended the birth of Cynthia Boggs' son and told his family and neighbors that the boy was his grandson. Documentary evidence showed that Cynthia Boggs was listed as a grandchild in the funeral home program when Slaughter's mother died. She was listed as Slaughter's daughter in the funeral home program when Slaughter died.

Three of Slaughter's friends testified that Slaughter told them, and others in their presence, that Cynthia Boggs was his daughter. He also told people that Cynthia Boggs' son was his grandson. According to at least one of these witnesses, Slaughter always talked about legitimating Cynthia Boggs, but he never got around to it.

Walker maintains that Boggs did not meet her burden of showing she was Slaughter's biological child. In support of this claim, she argues that Slaughter never told her that Cynthia Boggs was his child or that Cynthia Boggs' son was his grandson. She also cites the fact that Mary Boggs admitted she listed Franklin Boggs as Cynthia's father on her birth certificate and on school registration forms. Walker also notes that Slaughter never sought an order declaring Cynthia Boggs to be his legitimate child, that he never executed a sworn statement attesting to a parent/child relationship, and there was never any genetic testing performed which would establish that he was Cynthia's biological father.

Under OCGA § 53-2-3 (2) (A) (v), a child born out of wedlock may inherit from her biological father if there is "clear and convincing evidence that the child is the child of the father." In this case, Cynthia Boggs was born while her mother was married to Franklin Boggs. And, there is a presumption that a child born during wedlock is legitimate.[1] However, this presumption may be rebutted by evidence of nonaccess or other testimony.[2]

In the present case, Cynthia Boggs presented evidence rebutting the presumption that Franklin Boggs was her biological father. Mary Boggs testified that at the time Cynthia Boggs was conceived and born, Mary and Franklin Boggs were living apart. The evidence further showed that during this time, Mary Boggs exclusively saw Slaughter, and Franklin Boggs had no access to Mary Boggs. Testimony that the legal husband had no access to the mother, coupled with evidence that the purported biological father was the only man who had access to the mother, is sufficient to overcome the presumption that the husband shown on the birth certificate was the child's father.[3]

Since the presumption here was clearly overcome, the issue then becomes whether Cynthia Boggs has presented clear and convincing evidence that she was Slaughter's daughter. Contrary to Walker's assertion, Cynthia Boggs and Mary Boggs did not provide the only evidence showing that Cynthia Boggs was Slaughter's daughter. Three other witnesses testified that, notwithstanding the fact that Slaughter never took steps to legitimate Cynthia Boggs, he acknowledged her as his biological child and acknowledged Cynthia Boggs' son as his grandchild. In addition, when Slaughter's mother died, Cynthia Boggs was listed in the funeral home program as her grandchild, and when Slaughter died, Cynthia Boggs was listed in the funeral home program as his daughter. The trial court did not err

---

[1] See *Ghrist v. Fricks*, 219 Ga. App. 415, 418 (1) (465 SE2d 501) (1995).

[2] *Parks v. State*, 155 Ga. App. 44, 45 (270 SE2d 271) (1980).

[3] See id.

in holding that Cynthia Boggs was Slaughter's child and therefore entitled to inherit as his heir under OCGA § 53-2-3.[4]

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED OCTOBER 6, 2000.

*Wiseman, Blackburn & Futrell, James B. Blackburn, Jr.,* for appellant.

*George L. Lewis,* for appellee.

---

[4] See generally *Youmans v. Ormandy,* 206 Ga. App. 255, 256-257 (1) (424 SE2d 828) (1992).