### 73620. ATTWELL et al. v. LANE COMPANY.
(357 SE2d 142)

BENHAM, Judge.

Appellee landlord filed a dispossessory proceeding against appellants, claiming they were tenants holding over. On April 18, 1986, the trial court entered an order denying appellants' motion to dismiss and motion for summary judgment, dismissing appellants' counterclaim, and awarding appellee a writ of possession instanter. Following the entry of that order, the parties entered into a consent order signed by the trial court and filed on April 18, 1986. In the consent order, the parties agreed that appellee was entitled to possession on May 1, 1986; that appellants would vacate the premises on or before April 30, 1986; that appellants' counterclaim was dismissed with prejudice; and that appellee was entitled to the funds appellants had paid into the court registry. On May 16, 1986, appellants filed a notice of appeal from the April 18 order that granted appellee a writ of possession instanter. Arguing that the consent order filed April 18 rendered moot the earlier April 18 order, appellee moved for dismissal of appellants' May 16 notice of appeal. Appellee's motion was granted on June 27, 1986, and appellants filed the present notice of appeal from that order of the trial court.

Five of the six errors enumerated by appellants relate to the content of the trial court's initial order of April 18. Any consideration of these enumerations is untimely in *this* appeal since the notice of appeal that is the basis for this appeal was filed on July 25, 1986, well

beyond the 30-day period in which a notice of appeal from the April 18 order had to be filed. See OCGA § 5-6-38 (a). See *Bouldin v. Contran Corp.*, 173 Ga. App. 823 (328 SE2d 424) (1985).

1. Our initial inquiry is whether the trial court was empowered to dismiss appellants' notice of appeal. OCGA § 5-6-48 (b) states that no appeal shall be dismissed except where the notice of appeal is not timely; the decision or judgment is not then appealable; or where the questions presented have become moot. The trial court is statutorily authorized to dismiss an appeal where the appellant caused an unreasonable, inexcusable delay in the filing of the transcript or where an unreasonable, inexcusable delay in the transmission of the record to the appellate court was caused by the failure of a party to pay costs in the trial court or file an affidavit of indigency. OCGA § 5-6-48 (c).

Although OCGA § 5-6-48 does not specifically empower a trial court to dismiss an appeal for mootness, the Supreme Court has affirmed the dismissal of a notice of appeal by a trial court for reasons other than those enumerated in OCGA § 5-6-48 (c). In *Jones v. Singleton*, 253 Ga. 41 (1) (316 SE2d 154) (1984), the Georgia Supreme Court held that the trial court "properly dismissed" several notices of appeal on the ground that no final judgment had been entered and interlocutory appellate procedure had not been followed. We follow the Supreme Court lead of affirming the trial court's dismissal of notices of appeal because "the decision or judgment [was] not then appealable" (OCGA § 5-6-48 (b) (2)), and hold that the trial court is empowered to dismiss an appeal "[w]here the questions presented have become moot." OCGA § 5-6-48 (b) (3).

2. Appellants contend that the trial court erred in dismissing their notice of appeal since they were compelled to sign the consent order due to the dire nature of their circumstances. " 'An order entered with the consent of counsel is binding on the client in the absence of fraud, accident, mistake or collusion of counsel. [Cit.]' . . . 'In the absence of fraud or mistake, a party cannot complain of a judgment, order, or ruling that his own conduct produced or aided in causing. No fraud or mistake being shown, the appellants cannot complain of the judgment entered by consent and the judgment of the trial court must be affirmed.' [Cit.]" *Hall v. VNB Mtg. Corp.*, 170 Ga. App. 867 (318 SE2d 674) (1984).

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED APRIL 23, 1987 —
REHEARING DENIED MAY 6, 1987 — 

Joseph Attwell, *pro se.*

*Russell S. Thomas*, for appellee.