A92A0089. EVANS et al. v. SOUTHERN GENERAL INSURANCE COMPANY.

(419 SE2d 526)

COOPER, Judge.

Appellee brought suit on a contract against appellants, husband and wife, for $5,523.06. Appellants timely answered the complaint, generally denying the allegations made therein. On February 7, 1991, appellee served appellants with its request for admissions. The record contains a letter from appellee's counsel to appellants' counsel dated May 29, 1991, notifying counsel that appellants' response to the request for admissions had not been received and advising appellants that if said response were not received by June 5, 1991, appellee would move for summary judgment. On June 28, 1991, appellee moved for summary judgment pursuant to OCGA §§ 9-11-36 and 9-11-56 for failure to answer its request for admissions. In their response to appellee's motion for summary judgment, appellants included, as exhibits, an answer to appellee's first interrogatories (even though no interrogatories appear in the record) and a response to appellee's request for admissions. The certificate of service attached to the responses indicates that service was made on June 19, 1991 by mail. On August 14, 1991, the trial court granted appellee's motion for summary judgment after reviewing the entire record and determining that the request for admissions remained unanswered; that the time allowed by law to answer had expired; that the admissions were deemed admitted; that no issue of fact or law remained; and that appellee was entitled to $5,523.06. This appeal followed.

In their three enumerations of error, appellants contend the trial court erred in granting summary judgment to appellee because the

judgment was against the weight of the evidence and appellants were denied due process by the court's refusal to allow appellants to amend the pleadings or to allow additional time to answer the request for admissions. In their brief, appellants contend that they moved for an extension of time to answer the request for admissions at the hearing on the motion for summary judgment and that the court denied the extension, advising appellants that the proper motion was to withdraw the request for admissions.

"If a party served with a request for admission does not serve an answer or objection and does not move for an extension of time or to withdraw the admissions resulting from a failure to answer, the matter stands admitted. [Cits.] 'Any matter admitted under this section is conclusively established unless the court, on motion, permits withdrawal or amendment of the admission.' [Cits.]" (Emphasis deleted.) *Albitus v. Farmers & Merchants Bank,* 159 Ga. App. 406 (1) (283 SE2d 632) (1981). "The court may permit withdrawal or amendment of the admission when the presentation of the merits of the action will be subserved thereby, and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action on the merits. [Cits.] There is no transcript of the hearing on the motion for summary judgment and the motion for withdrawal or amendment of the admission. In the absence of a transcript, we must assume that appellee made the proper showing that his case would be prejudiced by granting the motion to withdraw or amend the admission, for there is a presumption that a trial judge performed faithfully and lawfully the duties devolving upon him by law, and enumerations of error dependent upon consideration of evidence heard by a trial court will, absent a transcript, be affirmed. [Cit.] Further, this court has held that whether to allow responses to a request for admissions after the statutory time for filing has passed is within the discretion of the trial judge, 'and his decision will not be interfered with unless it clearly appears that this discretion has been abused.' [Cit.]" *Davenport v. Smith,* 157 Ga. App. 870, 871 (278 SE2d 691) (1981). We find no such abuse of discretion. Moreover, by failing to answer appellee's request, appellants admitted that they lived at 410 New Lane Street in Griffin, Georgia; that on or about August 17, 1989, the dwelling was damaged by a fire caused when appellants left food cooking on the stove after they went to work; and that appellants owe appellee $5,523.06. Thus, the trial court did not err in granting summary judgment to appellee.

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED JUNE 3, 1992.

*Arleen E. Gardenhire,* for appellants.

*Crews, Salter & Gisler, H. Burton Crews,* for appellee.