## S98A1518. RAINEY v. CHEVER.

(510 SE2d 823)

HUNSTEIN, Justice.

Twenty-year-old DeAndre Bernard Hamilton was killed in an automobile accident in August 1997. Hamilton was born out of wedlock to his mother, appellant Rainey. Chever is Hamilton's biological father as his paternity was judicially established in January 1979. In November 1997, Rainey filed an action to have Chever's rights of inheritance severed under OCGA § 53-4-5 (b) (2). That statute was recodified in substantial part effective January 1, 1998 as OCGA § 53-2-4 (b) (2) and precludes the father of a child born out of wedlock from inheriting from the child if he failed or refused to openly treat the child as his own or failed or refused to provide support for the child. Rainey moved for summary judgment alleging that Chever failed or refused to openly treat Hamilton as his child. Chever filed a cross-motion for summary judgment alleging that current OCGA § 53-2-4 (b) (2) violates the equal protection guarantees contained in both the Georgia and United States Constitutions. The trial court denied Rainey's motion and instead granted Chever's motion for summary judgment finding that the statute creates a gender-based classification such that a father of a child born out of wedlock cannot inherit from his child if he failed or refused to openly treat the child as his own, but a mother who acts in the same manner can inherit from the child and that there is no legitimate state interest achieved by not subjecting mothers of illegitimate children to the same standards of conduct. We affirm, holding that OCGA § 53-2-4 (b) (2), former OCGA § 53-4-5 (b) (2), creates a gender-based classification in violation of the equal protection clauses of both the United States and Georgia Constitutions. See U. S. Const., Amend. XIV, Sec. I; Ga. Const. of 1983, Art. I, Sec. I, Par. II.

1. The State and Rainey argue that OCGA § 53-2-4 (b) (2) does not create a gender-based classification because the statute distinguishes not between mothers and fathers but between fathers who treat their illegitimate child as their own and those who do not. We disagree. OCGA § 53-2-4 (b) provides that a father of a child born out of wedlock may inherit from the child born out of wedlock in the same manner as if the child were legitimate if the child is legitimized or paternity established by one of the methods identified in subsection (b) (1). Notwithstanding the legitimization of the child or proof of paternity under subsection (b) (1), subsection (b) (2) imposes an additional obligation upon a father before he may inherit from a child born out of wedlock, i.e., the father must not have failed or refused openly to treat the child as his own or failed or refused to provide support for the child. Id. The same obligations are not imposed by any version of the statute upon similarly-situated mothers. Under

Georgia law, the mother of a child born out of wedlock is permitted to inherit from the child as though the child were legitimate without any precondition as to recognition of the child or having provided support for the child. OCGA § 53-2-4 (a). Therefore, by its plain language, OCGA § 53-2-4 (b) (2) creates a gender-based classification in that only fathers of children born out of wedlock must openly treat the child as their own and provide support for the child in order to inherit from the child.

2. Gender-based classifications are subject to a strong presumption of constitutional invalidity. *United States v. Virginia*, 518 U. S. 515 (IV) (116 SC 2264, 135 LE2d 735) (1996). A statute containing a gender-based classification violates equal protection unless the classification furthers important governmental objectives, and the discriminatory means employed are "substantially related" to the achievement of those governmental objectives. *Reed v. Reed*, 404 U. S. 71, 76 (92 SC 251, 30 LE2d 225) (1971); *Franklin v. Hill*, 264 Ga. 302, 303 (1) (444 SE2d 778) (1994). The justification for making a gender-based classification proffered by the State must be "exceedingly persuasive," genuine, and not hypothesized, *United States v. Virginia*, supra at 533, and it "must not rely on overbroad generalizations about the different talents, capacities, or preferences of males and females. [Cits.]" Id. See also *Craig v. Boren*, 429 U. S. 190 (11) (C) (97 SC 451, 50 LE2d 397) (1976).

Both Rainey and the State contend that OCGA § 53-2-4 (b) (2) advances the State's interest in encouraging fathers to take responsibility for their children born out of wedlock and encouraging parental responsibility by precluding an uninvolved father from profiting from the death of a child born out of wedlock. While these may be legitimate State interests, neither justifies the additional obligations OCGA § 53-2-4 (b) (2) imposes solely upon fathers of children born out of wedlock. Although the State has an important interest in encouraging fathers to take responsibility for children born out of wedlock, the State has an equally important interest in encouraging the identical behavior in mothers. Therefore, the State interest proffered to support subsection (b) (2) does not justify a classification based solely on the gender of the parent. We reject the argument that mothers are less likely than fathers to abandon children born out of wedlock as reliant on stereotypes and overbroad generalizations. See *Miller v. Albright*, 523 U. S. 420 (118 SC 1428, 1440 (V), 140 LE2d 575) (1998) (Court agreed it would be unlikely that any gender classification based on stereotypes could survive heightened scrutiny). Moreover, the State's reliance on *Parham v. Hughes*, 441 U. S. 347 (99 SC 1742, 60 LE2d 269) (1979) is misplaced as different policy considerations are at issue. The State's interest recognized in *Parham*, namely, avoiding problems in proving paternity, is not applicable to

our analysis of OCGA § 53-2-4 (b) (2) because such interest is advanced by the requirement under subsection (b) (1) that the father judicially establish paternity prior to the death of the child. Accordingly, there being no "exceedingly persuasive" justification for treating the inheritance rights of mothers and fathers of children born out of wedlock differently, we find OCGA § 53-2-4 (b) (2) to be unconstitutional.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 19, 1999 —
RECONSIDERATION DENIED FEBRUARY 19, 1999.

*Kenneth L. Shigley,* for appellant.

*Morris & Webster, Craig A. Webster, Marcus S. Ballew,* for appellee.

*Thurbert E. Baker, Attorney General, Stephanie B. Hope, Assistant Attorney General,* amicus curiae.