### A00A0587. IN RE ESTATE OF GARRETT.
(534 SE2d 843)

RUFFIN, Judge.

Winifred Stoney, administratrix of the estate of Douglas J. Garrett, appeals from a probate court order ruling that William Phillips was Garrett's natural father and is therefore entitled to inherit from him. Because no determination of paternity was made during Garrett's lifetime, we reverse.

Garrett was born out of wedlock.[1] He died in 1997, apparently intestate. While administering Garrett's estate, Stoney learned that Phillips claimed to be Garrett's natural father. Stoney filed a Petition to Determine Heirs at Law. After holding two hearings on the matter, a hearing officer of the probate court issued an order finding that Phillips was Garrett's father and one of his legal heirs.

1. Under OCGA § 53-2-4 (b) (1), the father of a child born out of

---

[7] *Appling v. State*, 256 Ga. 36, 38 (2) (343 SE2d 684) (1986).
[8] See *Jones v. State*, 240 Ga. App. 723, 724-725 (3) (524 SE2d 773) (1999).
[1] Although the record on appeal does not contain the transcripts of the probate court's hearings, the relevant facts are undisputed.

wedlock may inherit from the child if:

> (A) A court of competent jurisdiction has entered an order declaring the child to be legitimate under the authority of Code Section 19-7-22 or such other authority as may be provided by law;
> (B) A court of competent jurisdiction has otherwise entered a court order establishing paternity;
> (C) The father has executed a sworn statement signed by him attesting to the parent-child relationship;
> (D) The father has signed the birth certificate of the child; or
> (E) The presumption of paternity described in division (2) (B) (ii) of Code Section 53-2-3 [dealing with genetic testing] has been established and has not been rebutted by clear and convincing evidence.

In *Dunlap v. Moody,*[2] we held that "a father's opportunity to inherit from his illegitimate child is . . . lost unless the requirements of [subsection (b)] are met *during the child's lifetime.*"[3] And in its recent decision in *Rainey v. Chever,*[4] the Supreme Court ruled that OCGA § 53-2-4 (b) (1) requires "that the father judicially establish paternity prior to the death of the child."[5]

Here, it is undisputed that there was no court determination of paternity before Garrett's death, that Phillips did not sign Garrett's birth certificate, that he did not execute a sworn statement attesting to his paternity, and that there was no genetic evidence concerning paternity. Phillips argues that he satisfied subsection (b) (1) (B) by proving to the satisfaction of the probate court that he was Garrett's natural father. But the probate court's order was not entered until *after* Garrett's death. Thus, Phillips may not inherit from Garrett, and the order of the probate court must be reversed.

2. In view of our ruling in Division 1, we need not address appellant's remaining enumerations of error.

*Judgment reversed. Andrews, P. J., and Ellington, J., concur.*

DECIDED MAY 18, 2000.

*Ronald B. Hatcher*, for appellant.

---

[2] 224 Ga. App. 38, 40 (2) (479 SE2d 456) (1996).

[3] (Emphasis supplied.) Id. *Dunlap* construed OCGA § 53-4-5 (b), the predecessor statute, which is identical to OCGA § 53-2-4 (b) in all relevant respects.

[4] 270 Ga. 519, 521 (2) (510 SE2d 823) (1999).

[5] Id.

*Steven J. Jackson*, for appellee.
William Phillips, *pro se*.