S00A1550. PALMER v. BERTRAND.
(541 SE2d 360)

CARLEY, Justice.

Susan Bertrand brought this action to establish that Thomas Palmer is the father of her child and to obtain an award of child support. Palmer moved to dismiss the complaint on the ground that the statutory scheme for paternity actions set forth in OCGA § 19-7-43 et seq. is unconstitutional. The case proceeded to trial and the jury returned a verdict in favor of Ms. Bertrand. The trial court entered judgment on the jury's verdict, and Palmer filed a motion for new trial asserting, in part, that the trial court erred in denying the motion to dismiss on constitutional grounds. The trial court denied the motion for new trial, and we granted this discretionary appeal to consider whether the paternity statutes violate principles of equal protection. Because fathers and mothers of illegitimate children are not similarly situated, and the paternity statutes actually decrease the effect of the inherent differences between the parents' respective circumstances, we conclude that Georgia's statutory paternity scheme does not violate equal protection.

Palmer contends that the paternity statutes create an improper gender-based classification that permits a male to be adjudged to be the father of a child and ordered to make corresponding child support payments, without according him the same parental rights which automatically inure to the mother of that same child.

"In cases where men and women are not similarly situated . . . , and a statutory classification is realistically based upon the differences in their situations, [the Supreme Court of the United States] has upheld its validity." *Parham v. Hughes,* 441 U. S. 347, 354 (III) (B) (99 SC 1742, 60 LE2d 269) (1979).

Because of significant circumstantial differences between unwed fathers and unwed mothers, it is permissible for the [l]egislature to focus statutory attention exclusively on the fathers of illegitimate children. Our paternity statutes were enacted to deal with the problem of defaulting fathers. [Cit.]

*Commonwealth v. MacKenzie,* 334 NE2d 613, 617 (Mass. 1975). The different statutory treatment of men and women does not reflect

"archaic and overbroad generalizations, but, instead, the demonstrable fact that male and female . . . (parents of illegitimate children) are *not* similarly situated. . . ." (Emphasis in original.) *Commonwealth v. MacKenzie*, supra at 616.

The paternity statutes recognize the intrinsic differences in the circumstances of fathers and mothers of illegitimate children. Indeed, such statutes have eliminated the gender-based discrimination of the common law, which placed a duty of support on the mother, but not on the father. *Commonwealth v. MacKenzie*, supra at 616. The very purpose of those statutes is to establish the father's duty of child support. OCGA § 19-7-49 (a). Because the determination of paternity is only incidental to this purpose, there is no merit to Palmer's claim that the paternity statutes discriminate on their face because fathers cannot sue to establish parental rights under the terms of the act. See *Waldeck v. Piner*, 488 A2d 1218, 1221 (R.I. 1985). By acknowledging the child as his own and filing a counterclaim for legitimation, the father can achieve the same benefits as the mother, but without the extensive litigation that mothers must often undertake in order to procure child support. See *Waldeck v. Piner*, supra.

*Rainey v. Chever*, 270 Ga. 519 (510 SE2d 823) (1999) is distinguishable. In that case, we struck down an inheritance statute which made child support a precondition for inheriting from the child in the case of the father, but not the mother. The paternity statutes, on the other hand, simply impose the same obligation on the father that the mother already has and, by utilizing the statutory procedure for legitimation, he can obtain the same rights as the mother.

Accordingly, the trial court correctly denied Palmer's motion to dismiss the complaint on constitutional grounds.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 22, 2001 —
RECONSIDERATION DENIED MARCH 2, 2001.

*Shafer, Raymond & Dalton, Philip T. Raymond III, Susan D. Raymond, Thomas F. Bohan*, for appellant.

*Westmoreland, Patterson & Moseley, John L. Strauss, Bradley G. Pyles*, for appellee.

*Kingsley G. Morse, Jr., Kim Hoagland*, amici curiae.