## A02A2291. CROWTHER v. ESTATE OF CROWTHER.
(574 SE2d 607)

PHIPPS, Judge.

Christina Crowther (Crowther) petitioned the probate court for an award of year's support for herself and for her minor child, Michael Joseph Crowther, from the estate of Joseph Henry Crowther (decedent). Carrie Powell, administrator of decedent's estate, filed a caveat to the year's support application. The probate court awarded summary judgment to Powell, and Crowther appeals. The issues presented are whether the trial court abused its discretion in refusing to allow Crowther to withdraw her admissions to certain questions propounded by Powell during discovery and whether requirements set forth in Georgia's paternity statutes apply to a genetic test of Michael Joseph Crowther requested by Powell. Resolving these issues in Powell's favor, we affirm the grant of summary judgment to her.

Crowther married the decedent on or about June 17, 2000. He died the following September 10. Crowther later filed a petition for year's support, naming herself as decedent's surviving spouse and Michael Joseph Crowther as his minor child. The petition showed that the child was born on November 8, 2000, approximately two months after decedent's death.

Powell, as administrator of decedent's estate, filed a caveat to the year's support petition. The caveat alleged that Crowther's minor child is not the decedent's biological child. It further alleged that Crowther induced the decedent to marry her by falsely claiming that she was pregnant with his child, that the marriage was not ratified by subsequent acts, and that as a result Crowther is not the decedent's lawful widow. Powell, as caveator, filed a motion for genetic testing of the child. On May 9, 2001, she served various discovery requests, including a request for admissions, on Crowther through service on Crowther's attorney Cullum. Among other things, Powell requested Crowther to admit that she was married to Basilio Rufino

Maradiaga Ordonez when she married decedent and that she remained married to Ordonez.

Crowther failed to attend a scheduled deposition on June 6 and did not respond to Powell's discovery requests by the required date of June 11. Powell, therefore, filed a motion for sanctions, including dismissal of the petition for year's support. Cullum responded to the motion for sanctions and then moved to withdraw from his representation of Crowther. Attached to his motion to withdraw was a letter Cullum had sent to Crowther on July 2. In the letter, Cullum stated that he had explained to Crowther that the discovery requests, including the request for admissions, had to be answered by June 11, and that he had discussed the motion for genetic testing with her. The court allowed counsel to withdraw and granted the motion for genetic testing.

On July 31, Crowther through new counsel filed a motion to withdraw her judicial admissions, stating that she had failed to respond to the request for admissions because she received the request for admissions from counsel approximately two weeks after the service date, and that she did not understand either the English language or the American judicial process. Crowther also filed an untimely answer to Powell's request for admissions. Although she denied that she was then married to Ordonez, she admitted that she had been married to him when she married decedent and that she had not divorced Ordonez.

On September 4, Powell moved for summary judgment, stating as undisputed material facts (1) that Michael Joseph Crowther was not the minor child of the decedent (as shown by the results of the genetic testing), (2) that Crowther was married to Ordonez when she married decedent (as shown by Crowther's response to Powell's request for admissions), and (3) that Crowther never divorced Ordonez (also as shown by Crowther's response to Powell's request for admissions).

On September 18, Crowther filed an amendment to her answers to Powell's request for admissions, denying that she had ever been married to Ordonez and stating that any admission to the contrary had been in error. Crowther, however, failed to file a motion to amend her earlier, contradictory admission. In support of her claim that she was never married to Ordonez, Crowther submitted a 1996 passport application in which she had identified herself as single. Crowther also filed a response to Powell's motion for summary judgment, supported by an affidavit in which she testified that she had never been married to Ordonez.

In granting Powell's motion for summary judgment, the court ruled that because the results of genetic testing conclusively show that the minor child is not the biological child of the decedent, and

because the evidence further shows that the child was not conceived or born within the marriage, there is no right to year's support on behalf of the minor child. The court recognized that a valid marriage is essential to Crowther's right to claim year's support as decedent's surviving spouse, and that where a caveat is filed on the ground that the marriage is invalid or void, the burden is on the petitioning spouse to prove that she is the legal spouse of the decedent. The court ruled that Crowther was married to Ordonez at the time she married the decedent and refused to allow Crowther to withdraw her judicial admission of this fact. Accordingly, summary judgment was granted to Powell as to Crowther's claim for year's support.

1. Crowther charges the trial court with error in refusing to allow her to withdraw her admissions concerning her marriage to Ordonez.

Under OCGA § 9-11-36 (b), as interpreted in *Cielock v. Munn*[1] and *Whitemarsh Contractors v. Wells*,[2]

> A court may grant a motion to withdraw (1) when the presentation of the merits will be subserved thereby and (2) the party obtaining the admission fails to satisfy the court that the withdrawal will prejudice maintaining his action or defense on the merits. The burden as to the first prong is on the party moving to withdraw and the burden as to the second prong is on the respondent. The first prong of the test is not perfunctorily satisfied. The burden on the movant is to show the presentation of the merits will be subserved thereby, and the desire to have a trial, standing alone, is not sufficient to satisfy the test. The first inquiry is who will have the burden of proof at trial on the subject matter of the request for admission. If the burden of proof on subject matter of the request will be on the movant, the movant is required to show that the proffered denial of the request can be proved by admissible evidence having a modicum of credibility, and the denial is not offered solely for purposes of delay.[3]

As recognized by the trial court, at trial the burden would be on Crowther to show that she was the legal spouse of the decedent.[4] To withdraw her admissions, she was therefore required to show that the validity of her marriage to the decedent could be proved by

---

[1] 244 Ga. 810 (262 SE2d 114) (1979) (Hill, J., concurring specially).

[2] 249 Ga. 194 (288 SE2d 198) (1982).

[3] *Intersouth Properties v. Contractor Exchange*, 199 Ga. App. 726, 727-728 (1) (405 SE2d 764) (1991).

[4] *Wilson v. Allen*, 108 Ga. 275, 277 (1) (33 SE 975) (1899).

admissible evidence having a modicum of credibility. The trial court impliedly ruled that the probative value of the evidence submitted by Crowther in support of her claim that she had not married Ordonez was such that Crowther had not made the requisite showing. Under the totality of the evidence of record, we are unable to find that in making this determination the trial court abused its discretion.[5]

"[U]nlike an 'evidentiary admission,' which may be contradicted, facts admitted via requests for admission are 'judicial admissions,' which are conclusive unless withdrawal is permitted by the trial court."[6] Because the trial court did not permit Crowther to withdraw her admission that she was married to Ordonez when she married the decedent, Powell was entitled to summary judgment on Crowther's year's support claim.[7]

2. Crowther contends that the probate court erred in relying on the genetic test report in support of its ruling that the minor child is not the biological child of the decedent. We disagree.

Among other things, Crowther argues that under OCGA § 19-7-43 Powell does not have standing to bring a petition to establish paternity, and that it does not appear that the genetic test was conducted in accordance with requirements set forth in OCGA § 19-7-45. The Code sections on which Crowther relies are part of what has been referred to as Georgia's paternity statutes.[8] They were enacted to address the problem of fathers who do not support their illegitimate children.[9] The superior and state courts have concurrent jurisdiction in all proceedings under the paternity statutes.[10] These statutes are not applicable to probate court proceedings such as this, involving estate descent and distribution issues.[11]

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED NOVEMBER 20, 2002.

*Gannam & Gnann, J. Hamrick Gnann, Jr.*, for appellant.
*Brannen, Searcy & Smith, Kimberly C. Harris, Barr, Warner, Lloyd & Henifin, Karen D. Barr, Robert R. Cook*, for appellee.

---

[5] See generally *Rowland v. Tsay*, 213 Ga. App. 679 (1) (445 SE2d 822) (1994); compare *Bailey v. Chase &c. Leasing Co.*, 211 Ga. App. 60, 61 (1) (438 SE2d 172) (1993).

[6] *Batchelor v. State Farm &c. Ins. Co.*, 240 Ga. App. 366, 367 (526 SE2d 68) (1999).

[7] See *Evans v. Southern Gen. Ins. Co.*, 204 Ga. App. 430 (419 SE2d 526) (1992).

[8] *Palmer v. Bertrand*, 273 Ga. 475 (541 SE2d 360) (2001); *Rodriguez v. Nunez*, 252 Ga. App. 56, 60 (4) (555 SE2d 514) (2001).

[9] *Palmer*, supra.

[10] OCGA § 19-7-40 (a).

[11] See *Rodriguez*, supra.