A10A0762. HARGETT v. DICKEY.
(696 SE2d 335)

PHIPPS, Presiding Judge.

Lisa Marie Hargett files this pro se appeal from an order granting her mother, Betty Dickey, visitation rights with her two children pursuant to Georgia's Grandparent Visitation Statute, OCGA § 19-7-3. Dickey moves to dismiss the appeal and to impose sanctions upon Hargett for filing a frivolous appeal. For the following reasons, we affirm the trial court's order, deny the motion to dismiss, and deny the motion to impose sanctions.

Dickey initially sought permanent primary physical custody of her grandchildren in a petition filed on December 21, 2007, in which she alleged that the children were deprived in their mother's care. In an ex parte order, the court granted temporary primary physical custody of the children to Dickey. Following a hearing in January 2008, the children remained in Dickey's custody and Hargett was allowed supervised visitation. Later during the pendency of the action, Hargett regained physical custody of the children and Dickey was allowed visitation with them.

On February 4, 2009, Dickey amended her petition, removing from it her request for custody and instead seeking permanent visitation rights. The court held a hearing on February 11, 2009 on the issue of visitation. Hargett's counsel stated at the hearing that Hargett was willing to allow Dickey visitation with the children but opposed court-ordered visitation rights. The court indicated that it was inclined to award visitation rights to Dickey and encouraged the parties to reach an agreement concerning the specific terms of visitation. After a recess, the parties represented to the court that they had reached an agreement on those terms, and the court set forth the terms of their agreement on the record.

Subsequently, a dispute arose between the parties concerning the wording of a contemplated consent order to reflect the agreement reached on February 11. On June 30, 2009, Hargett filed a verified motion to enforce the visitation agreement reached with Dickey on

February 11. In her motion, Hargett alleged that the parties' February 11 agreement resolved all issues relating to visitation; that Dickey's counsel had prepared a proposed final order but subsequently informed Hargett's counsel that changes to the proposed order would be required; and that Dickey's counsel had refused to cooperate in getting a final order signed that reflected the parties' agreement. In her motion, Hargett asked "[t]hat the Agreement entered between the parties on February 11, 2009 be enforced." She attached to her motion a copy of the contemplated consent order signed by counsel for both parties but containing handwritten annotations. The court held a hearing on Hargett's motion, and on July 17, 2009 it entered a visitation order that substantially accorded with and incorporated most details of the contemplated consent order that Hargett had attached to her motion to enforce agreement. The court's July 17 order was signed by Hargett's counsel, indicating that counsel had reviewed and consented to it. Hargett now appeals that order.

1. We first address the jurisdictional basis for this direct appeal. Under OCGA § 5-6-34 (a) (11), which we have applied to orders resulting from petitions for grandparent visitation,[1] the right to a direct appeal is established from "[a]ll judgments or orders in child custody cases." OCGA § 5-6-34 (a) (11) is effective for "all child custody proceedings and modifications of child custody filed on or after January 1, 2008."[2] Although Dickey's initial custody petition was filed prior to 2008, the order being appealed did not predicate the visitation award on Dickey's initial custody petition; rather it predicated the award on the request for visitation rights in Dickey's amended petition and on Hargett's subsequent motion to enforce the terms of the parties' visitation agreement, both of which were filed in 2009. Accordingly, Hargett was authorized to file a direct appeal in this case pursuant to OCGA § 5-6-34 (a) (11).[3]

2. Hargett challenges the court's July 17 visitation order, contending that the court: failed to make specific findings of fact and conclusions of law and committed various other errors during the February 2009 hearing at which a visitation agreement was reached; placed Hargett under duress during that hearing and the later hearing on her motion to enforce the agreement, ultimately leading to an "involuntarily signed visitation order"; lacked jurisdiction over the action; and ruled on an improperly filed visitation petition.

---

[1] See *Cates v. Jamison*, 301 Ga. App. 441, n. 1 (687 SE2d 675) (2009).

[2] Ga. L. 2007, p. 554, § 8.

[3] See *Cates*, supra; *Martinez v. Martinez*, 301 Ga. App. 330, 332 (1) (687 SE2d 610) (2009).

"[I]n the absence of fraud or mistake, a party cannot complain of a judgment, order, or ruling that his own conduct produced or aided in causing."[4] Moreover, "[a]n order entered with the consent of counsel is binding on the client in the absence of fraud, accident, mistake, or collusion of counsel."[5] Hargett's own conduct of moving the court to enforce the February 2009 visitation agreement aided in causing the court to enter the July 17 visitation order. Hargett has neither alleged nor shown that fraud, accident, mistake, or collusion of counsel induced her to file that motion or was involved in her counsel's consent to the terms of the resulting visitation order. Accordingly, Hargett's complaint about the visitation order is unavailing.[6]

3. Dickey has moved this court to dismiss Hargett's appeal.

(a) Dickey argues that Hargett's claims that the court erred in entering the visitation order are moot because Hargett consented to the order and moved to enforce the terms of the visitation agreement memorialized therein. Although these grounds preclude Hargett from prevailing on her claimed errors,[7] they do not render her appeal moot and thus do not provide a basis for dismissal.[8]

(b) Dickey argues that we should dismiss Hargett's appeal, because Hargett allegedly served her notice of appeal upon Dickey rather than Dickey's counsel and Hargett was responsible for a delay in the transmittal of the appellate record and the record not being complete. The record does not support these contentions.

(c) Dickey also argues that we should dismiss the appeal because, following the entry of the visitation order, Hargett filed numerous documents with the trial court that she did not serve upon Dickey's counsel.[9] This is not a proper ground for dismissing an appeal.[10]

4. Dickey has moved this court to sanction Hargett for filing a frivolous appeal.[11] Although we find the question close as to whether

---

[4] *Rieffel v. Rieffel*, 281 Ga. 891, 894 (3) (644 SE2d 140) (2007) (citation and punctuation omitted); see *Attwell v. Lane Co.*, 182 Ga. App. 813, 814 (2) (357 SE2d 142) (1987).

[5] *Rieffel*, supra (citation and punctuation omitted).

[6] See id.; *Attwell*, supra.

[7] See Division 2, supra.

[8] See generally *Chastain v. Baker*, 255 Ga. 432, 433 (339 SE2d 241) (1986) (a moot case is one which seeks to determine an abstract question that does not arise upon existing facts or rights).

[9] This filing contained copies of various correspondence between the parties or their counsel, the trial judge, and a guardian ad litem; a copy of Hargett's response to Dickey's amended petition; and a copy of Dickey's response to Hargett's motion to enforce the visitation agreement, the latter of which was filed by Dickey in open court during the hearing on that motion.

[10] See generally OCGA § 5-6-48 (b); *Heard v. State*, 274 Ga. 196, 198 (2) (552 SE2d 818) (2001).

[11] See Court of Appeals Rule 15 (b).

Hargett had any reasonable basis to believe that she could prevail in her appellate arguments, we deny Dickey's motion.

*Judgment affirmed. Miller, C. J., and Johnson, J., concur.*

DECIDED MAY 20, 2010 —
RECONSIDERATION DENIED JUNE 11, 2010 — 

Lisa Hargett, *pro se.*
*Catherine V. Ryan*, for appellee.