296 Ga. 435
FINAL COPY

S14F1887. GROVE v. GROVE.

BENHAM, Justice.

Appellant is the Wife in this divorce case. At the final hearing in the case, the parties, through counsel, indicated they had reached an agreement to all terms of the divorce, property settlement, and child custody issues, and that the only matter the parties were submitting to the court for final resolution was the issue of appellee Husband's visitation with respect to the two-year-old child of the marriage. The parties agreed that Wife would have primary physical custody of the child, and the failure to arrive at an agreement about visitation arose from the fact that Husband had substance abuse problems and was, at that time, living in a residential rehabilitation facility for treatment. Further, the record reflects Wife had concerns about Husband's ability to ensure the child's safety during his visits with her. Counsel for Wife stated that he understood the paternal grandparents would like visitation with the child, and informed the trial judge that Wife had several concerns.

First, Wife was concerned about whether the grandparents would be able

to prevent improper conduct by Husband while the child was visiting the grandparents. Second, Wife had been permitting the paternal grandparents to visit the child but complained that she needed greater advance notice of their visits than they were currently providing her. Third, Wife expressed concern about the grandparents taking the child to visit Husband at his drug rehabilitation facility. Finally, Wife wanted the unpaid child support to be paid in full before either Husband or the paternal grandparents were permitted visitation. All of the issues raised by Wife were addressed at the hearing, including a stipulation that Husband's visitation with the child must be supervised by a third party. The judge then asked if the parties would be able to draw up a parenting plan that addressed the issues resolved at the hearing, and counsel for both parents answered affirmatively. A parenting plan that awarded visitation rights to the paternal grandparents was signed by counsel to each party, and it was attached to and became a part of the final judgment and decree of divorce. The terms of the final judgment also contained an award of visitation to the grandparents. Both the parenting plan and the final judgment provide that the paternal grandparents may exercise visitation with the child as a substitute for the father. The signature of Wife's counsel indicates he

approved the final judgment as to form. On appeal, Wife challenges the order's grant of visitation rights to the paternal grandparents.

1. OCGA § 19-7-3 (c) grants to grandparents of a minor child the right to seek visitation rights "[u]pon the filing of an original action or upon intervention in an existing proceeding" such as a divorce action where the custody of the child is at issue. From the transcript of the hearing on the visitation issue, it appears the parties had already agreed and stipulated that the mother would have full custody. They further stipulated that all the father's visits would be supervised by a third party. Wife claims the court, sua sponte, inserted into the final decree the provision that the grandparents could exercise visitation with the minor child as a substitute for the father's supervised visitation schedule. Wife complains that this order permits the grandparents to take Husband's visitation turns even on major holidays such as Christmas and Thanksgiving. Wife argues the trial court erred by granting these visitation rights to the paternal grandparents even though they did not file a petition to intervene in the divorce action.

Wife waived this ground for appeal, however, by not raising the issue below. See *Francis v. Francis*, 279 Ga. 248, 248-249 (611 SE2d 45) (2005).

The only objection to the grandparents' visitation raised at the hearing at which visitation was addressed was Wife's request for timely advance notice by the grandparents before scheduling a visit. This concern was resolved by discussion at the hearing and reflected in the parenting plan adopted by the trial court, which grants the grandparents the right to exercise visitation with the minor child as a substitute for the Husband's visitation schedule, and stipulates the Husband is required to give no less than forty-eight hours' advance notice of his intent to exercise his visitation privileges. The hearing transcript reflects that Wife and her counsel, as well as the paternal grandparents, were present at the hearing, yet Wife made no objection to granting the grandparents' visitation rights on the ground that they had failed to intervene in the action, or any other ground.

Pursuant to OCGA § 9-11-15 (b): "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. . . ." Here, Wife effectively acquiesced and consented to the grandparents' participation in the proceeding as well as the court's authority to make an award of visitation rights to them even though they did not file a pleading to intervene in the action.

4

See *Rude v. Rude*, 241 Ga. 454 (1) (246 SE2d 311) (1978) (applying this rule of the Civil Practice Act to hold, in a divorce proceeding, that the husband's failure to raise the objection that the wife's pleadings did not include a specific prayer for attorney fees, while permitting the court to litigate the matter, served as consent to the court's authority to make such an award).

2. OCGA § 19-7-3 (c) further provides that a grant of visitation rights to any grandparent may be made "if the court finds the health or welfare of the child would be harmed unless such visitation is granted, and if the best interests of the child would be served by such visitation. . . . The court shall make specific written findings of fact in support of its rulings." Wife asserts the final judgment should be reversed for abuse of discretion because it grants visitation rights to the paternal grandparents without making the required written findings of fact. Wife contends the facts of this case are nearly indistinguishable from those in *Hunter v. Carter*, 226 Ga. App. 251 (485 SE2d 827) (1997), in which the Court of Appeals reversed the grant of grandparent visitation rights because the evidence did not support the trial court's finding that the minor child would be harmed if the grandparents were denied visitation rights. In fact, this case is highly distinguishable from *Hunter* in that here, Wife, through her counsel,

5

approved the final judgment as to form and raised no objection to the trial court's failure to make findings of fact, whereas in *Hunter*, the child's mother and stepfather, who was attempting to adopt his wife's child, opposed the grandparents in the trial court proceeding and presented evidence that required the reversal of the judgment granting visitation rights, along with its findings of facts and conclusions of law. Id. at 252-253.

Again, Wife did not preserve this issue for appeal. "After approving the form of the order, a party cannot complain of the court's failure to include findings of fact and conclusions of law." *Rude v. Rude*, supra, 241 Ga. at 455. See also *Gant v. Gant*, 254 Ga. 239, 240 (3) (327 SE2d 723) (1985); *Hargett v. Dickey*, 304 Ga. App. 387 (2) (696 SE2d 335) (2010). Having approved the order as to form, Wife is estopped from asserting on appeal that the form of the order was deficient because it did not include findings of fact.

Judgment affirmed. All the Justices concur.

Decided January 20, 2015.

Domestic relations. Columbia Superior Court. Before Judge Craig.

P. J. Campanaro, for appellant.

John R. B. Long, for appellee.